### Cornelius O'Flynn and Another v. James E. Eagle and Another.

A motion based upon the irregular action of the opposite party must be made at the earliest opportunity, and will not be entertained after the lapse of a term, unless some very satisfactory reason is shown for the delay.

The court will not require attorneys to produce their authority to prosecute a writ of error on behalf of one of the plaintiffs, when there is no showing that they are not duly authorized, and, on the contrary, it appears that the attorneys were employed by the other plaintiff to take charge of the case generally, and that the one so employing them was, in fact, the party responsible in the case, and bound to protect the other from liability.

Costs on motions are allowed the prevailing party as a matter of course, unless some special reason is shown why they should not be imposed.

Where an amendment has been made in the court below, since the cause was removed to this court by writ of error, but no further return has been had, the court cannot entertain a motion, based upon such amendment, on affidavit that such an amendment has been made.

*Heard October 18th. Decided October 19th.*

Error to Wayne Circuit. The writ was sued out by Holbrook & Bishop as attorneys for Cornelius O'Flynn and Daniel Finn, as plaintiffs in error, returnable April 5th, 1859, and was duly returned. Assignment of errors was filed May 28th, 1859.

*S. Towle*, for defendants in error, now moved for an order

on Holbrook & Bishop, requiring them to produce their authority to prosecute the writ 'on behalf of Daniel Finn, and that the writ be dismissed on default in producing such authority—O'Flynn having failed to take proceedings in due time to serve in the prosecution of the writ. It appears from affidavits on which the motion was founded, that on September 13th, 1859, defendants in error inquired in writing of plaintiffs' attorneys whether they professed to represent Finn in this case, and if so, what was their authority for so doing: that Mr. Holbrook replied verbally that they did profess to represent Finn, but had no authority, verbal or written, from him, and did not know him, and had been employed by a son of defendant O'Flynn, in his father's absence, to attend to the case: that they thereupon, in like manner, made the same inquiries of O'Flynn and his son, the latter of whom referred them to his father, and the former declined to reply. One of defendants in error also made affidavit that he did not believe said attorneys had any authority to appear for Finn in the case, for the following reasons: that the action in the court below was against Finn and O'Flynn on a note made by the former and endorsed by the latter, but which the latter had assumed to pay: that judgment was recovered, execution issued and levied upon the property of O'Flynn: that Finn left the state before the writ of error was issued, and has not returned: that the sureties in the bond given on suing out the writ are the relatives and friends of O'Flynn; and that O'Flynn and Finn are not on friendly terms; and that the deponent believes Finn would release errors in the case if he were here.

The error assigned in the case is that no process was served on Finn.

That the presumption that attorneys appear by authority may be rebutted by affidavit, and they required to show their authority, *Mr. Towle* cited 4 *Duer* 637; 3 *T. B. Monr.* 194; 12 *Ill.* 132, 488; 2 *Sel. Pr.* 364; 4 *How.* (*Miss.*) 333; 8 *Fost.* 302; 3 *Harr.* 15; 2 *Wash.* 429; 2 *Pike* 355; 3 *Yerg.* 325.

O'FLYNN v. EAGLE.

*D. C. Holbrook*, contra.

BY THE COURT:

We can not entertain this motion. The assignment of errors was filed in May, while this court was in session. A full term has elapsed since, and unless some very satisfactory reason is shown for the delay, we do not entertain motions, based upon irregularities, after the lapse of a term.

But the affidavits themselves we think are insufficient. There is no positive showing here that the attorneys are not properly employed on behalf of Finn, but, on the contrary, the affidavits disclose the fact that O'Flynn is the real party in interest, and bound to protect Finn from liability. He was bound, therefore, to take the necessary steps for that purpose, as he is doing. Finn does not positively object, and ought not to; and it may be doubtful if the court should permit him to release errors in such a case if he should come here for the purpose. The motion must be denied.

*Towle* said the case was a hard one upon the defendants in error, their demand being indisputably just, and he thought they should not be charged with costs on the motion.

THE COURT:

We give costs in all such cases as a matter of course, unless some special reason is shown why they should not be imposed.

On a subsequent day, on affidavit that, since the cause was removed to this court, the court below, on motion of defendants in error, had amended the record so as to show judgment against O'Flynn only;

*Towle* moved to dismiss the writ of error, claiming that this amendment removed the only error complained of in the case.

BY THE COURT:

We can not hear such a motion on affidavit. The record,

as we have it before us, shows a judgment against O'Flynn and Finn both. We can only be informed of amendments made since that was sent up, by a further return to the writ of error.