argument is not satisfactory. The true reason is, not that they were inferior, but that they were limited courts. So this is. Therefore, the plaintiff must show that the court has a right to discuss his claims, and not merely that he has a right to the thing he claims.

Mr. Campbell, contra.

A motion to arrest a judgment must be grounded on error apparent on the record; and the question is of this case here. Something should manifestly appear to be erroneous; not whether, possibly so, or not. The English authorities do not prove that disability may be urged after verdict. The question, in all of them, was concerning the limits of the jurisdiction of the court where the actions were brought. For, being inferior courts, the superior courts at Westminster confined them, both because derogatory to the common law and for the sake of the venue. This, therefore, is a novel objection, and must stand on its own reasons. Some persons may sue here, others cannot. Therefore, the defendant must point out the disability; for the court will not inquire into circumstances, unless he shows it. Parties are only the instruments of jurisdiction; for the jurisdiction of the court is independent of parties. There must, indeed, be parties before the court; but jurisdiction consists in authority to decide rights. If the defendant does not show a want of jurisdiction, it shall be intended. Carth. 33, 34. The doctrine is, that by pleading you admit jurisdiction. It may be argued that consent does not give jurisdiction, but that is only where want of it appears of record. If, indeed, the declaration had stated that the plaintiff and defendant were both citizens of this state, the defendant's admission would not have given jurisdiction; but the party may dispense with facts if he will. Comb. 254. Therefore, as the case now stands, it is altogether a question as to the subject-matter of complaint, and if the plea does not state facts to oust jurisdiction, the court will intend it as admitted. The court cannot judicially notice districts of country, or the kind of persons who sue, unless it be expressly submitted to them by the pleadings. But after issue joined on the merits, they will not receive proof of residence or other disability, but of the subject-matter in dispute only. For the plea answers the allegations with respect to the debt, and not of the person. If inconveniences should be alleged as that any citizen may sue here, the answer is, that the defendant may avail himself of the incapacity of the plaintiff to sue, by pleading, and if he does not, he must abide by it.

Wickham was about to reply, but was stopped by the court.

IREDELL, Circuit Justice. The jurisdiction of the court is limited to particular persons; and, therefore, must be averred. For the difference has been rightly taken by the defendant's counsel, between courts of limited and those of general jurisdiction. In the latter, exceptions to the jurisdiction must be pleaded; but in the former the defendant is not bound to plead it, for the plaintiff must entitle himself to sue there. If the declaration had alleged that the plaintiff was a foreigner, then the defendant must have pleaded the disability, as he would have admitted his capacity to sue. Ability to sue here is a fact which rests more in the knowledge of the plaintiff than of the defendant; and, therefore, the former should show himself capable of suing here. It is not the same with regard to the place of contract, for that the defendant knows as well as the plaintiff; and, therefore, if there be any exceptions on that ground, it being a thing in the knowledge of the defendant, he should plead it for the same reason that the plaintiff must aver his capacity in the other case. It is important that it should appear upon the record that the court had jurisdiction and has only decided on cases within its cognizance.

JAY, Circuit Justice. I at first thought it questionable on the ground of a difference between jurisdiction over the subject-matter and over persons. But on reflection, I do not think the distinction is important. The English practice has been rightly stated by the defendant's counsel, and those rules are more necessary to be observed here than there, on account of a difference of the general and state governments, which should be kept separate, and each left to do the business properly belonging to it. Therefore, this court should not exceed its limits, and try causes not within its jurisdiction. Consequently, the jurisdiction ought to appear, but it does not in this case; and, therefore, I think the judgment should be arrested.

[PER CURIAM. Arrest the judgment.] [2]

# Case No. 12,737.

## In re SHEEHAN.

[8 N. B. R. 345.] [1]

District Court. E. D. Michigan. 1873.

BANKRUPTCY—PROVABLE DEBT—LEVY—WAIVER—WRIT OF ERROR.

1. At common law a writ of error and supersedeas of execution leaves the judgment intact, and it is a provable debt in bankruptcy.

2. The levy by a creditor of an execution on sufficient property to satisfy his debt does not estop him from moving to have his debtor adjudged bankrupt, but the filing of the petition in bankruptcy will be held a waiver of the levy, and an election by the creditor to proceed in the bankrupt court.

3. Where a judgment on which a supersedeas and stay of execution has been granted by the state court, pending the decision of a writ of error, is proved in bankruptcy, the bankrupt court will stay the payment of any dividends on the claim during the pendency of the writ of error. Avery v. Johann [Case No. 675] dissented from.

[Cited in Stockwell v. Woodward, 52 Vt. 230.]

[2] [From 6 Call, 241.]
[1] [Reprinted by permission.]

[In the matter of Daniel Sheehan, a bankrupt.]

On motion to dismiss the petition for adjudication of bankruptcy, and all the proceedings had thereunder. The petitioning creditor's debt is alleged in the petition to be founded on a judgment of the circuit court of the county of Wayne, state of Michigan, for six thousand five hundred dollars in her favor and against the alleged bankrupt, for damages for a breach of promise to marry. The judgment was entered March 7th, 1873. A writ of error was issued on the 8th, and notice of it to plaintiff's attorney served on the 10th of the same month. The petition for adjudication was filed March 15th, 1873, and the order to show cause was made returnable March 24th. On the 22d of March, two days before the return day of the order to show cause, the writ of error was served on the clerk of the court in which the judgment was entered, and at the same time the necessary bond for stay or supersedeas of execution was filed. Before the petition for adjudication was filed an execution had been issued upon the judgment and delivered to the sheriff of the county, but it was found that the judgment debtor had conveyed away and transferred all his property liable to execution since the rendition of the judgment. A levy upon the real estate so conveyed was nevertheless made. The levy was made on the 14th day of March, 1873, and this petition was filed on the next day. The motion is founded on certified copies of the writ of error, and bond for stay of execution, and affidavits.

The grounds of the motion are: (1) That the petitioning creditor has no longer a provable debt in the bankruptcy, on account of the writ of error and bond for stay of execution; and (2) the petitioner having made her election to proceed under the laws of Michigan for the collection of her judgment by issue and levy of execution before this petition was filed, could not abandon the same and resort to the bankruptcy court. [See Case No. 12,738.]

LONGYEAR, District Judge. First, as to the effect of the writ of error and stay of execution upon the judgment, as a provable debt in bankruptcy. But for these proceedings the judgment is, no doubt, a provable debt. See, also, In re Sidle [Case No. 12,844]. This is not questioned by the learned counsel for respondent, unless the issue and levy of execution deprived it of that quality, which will be considered in its order. If, however, the writ of error and stay of execution deprived the judgment of its provable character within the meaning of the bankrupt act, then, of course, the petition must be dismissed, because, by section thirty-nine of the act, a petition in involuntary bankruptcy can be filed only by a creditor having a provable debt.

By the statutes of Michigan, in relation to proceedings on writ of error (2 Comp. Laws 1871, p. 1970, § 7123), it is enacted that all matters not therein provided for "shall be according to the course of the common law, as modified by the practice and usage in this state, and such general rules as shall be made by the supreme court." At the common law, except in the case of judgments in certain inferior courts, the record and judgment remain in the court in which the judgment is entered, after as well as before writ of error, a transcript merely being sent up. 2 Tidd, Prac. 1159. So, too, under the statutes and rules of the supreme court of Michigan. The judgment is in no manner superseded, invalidated or affected, by the pendency of the writ of error. The execution only is stayed or superseded. This is clearly recognized by that provision of the Michigan statutes (2 Comp. Laws 1871, p. 1969, § 7120), enacting that no writ of error shall operate to stay or supersede the execution in any civil action unless the bond therein specified shall be given. This provision relates to the execution alone. It in no manner adds to, detracts from, or affects the judgment. That remains just as it would be without the statute. But how could an execution issue (in case the required bond be not given), except upon the theory that the judgment remains in full force and effect in the court in which it was entered, notwithstanding the writ of error? Such is clearly the assumption upon which the statute is based. This is further recognized by the following: A judgment may be sued and a recovery had upon it pending the writ of error, although execution will be stayed, upon such second judgment (if bond was given), until the writ of error is determined. 2 Tidd, Prac. 1446. The judgment may be vacated and a new trial granted in the court in which the judgment is entered, pending the writ of error. People v. Judge of Wayne Cir. Ct., 20 Mich. 220. The record and judgment may be amended in the court in which it was entered, pending the writ of error. O'Flynn v. Eagle, 7 Mich. 306.

The case on error is not considered a continuation of the original suit. The issue in the original suit is determined by the judgment. A new issue is formed in the case on error, relating to the judgment alone, and not for a re-trial of the cause of action; and it has been said that a writ of error "is less an action between the original parties than a question between the judgment and the law." Allen v. Mayor, etc., 9 Ga. 286, citing 7 Durn. & E. [7 Term R.] 337; 6 Port. [Ala.] 9; 3 Story, Const. Law, § 1721; 2 Sandf. 101. "It is not the action which is to be judged, but the judgment." Id.

I arrive, therefore, at the following conclusion: That pending a writ of error, and until a judgment of reversal, the judgment in the court below remains, and is, a subsisting, valid and binding judgment in that

court, and may be resorted to and used as evidence of a present indebtedness, and for all purposes for which a judgment may be resorted to and used, excepting and barring the one disability to issue execution upon it in case the requisite bond has been given. It results from this conclusion, that in this case the judgment is such a debt as will sustain the petition for adjudication of bankruptcy.

The above conclusions in no manner involve any question of comity or of conflict of jurisdictions between this court and the state supreme court, as was contended at the bar. They are based simply upon the judgment as it now stands, without any relation to and entirely regardless of any questions which can arise before the supreme court on the writ of error. When that court shall have decided those questions this court will be bound by their decision, and will most cheerfully enforce it. There may be a stage in these proceedings at which a conflict might be involved, and that is, in case some proceeding is proposed in regard to this judgment which would conflict with or be an evasion of the disability to issue execution upon it. Such would be the case where the judgment creditor, having proved her judgment in the ordinary course of the bankruptcy proceedings, presents the same for receipt of dividends. In such case this court would see to it that no dividends be paid until the writ of error is determined, when the debt will be ordered to be paid, or expunged, or further suspended, as shall be indicated by the exigencies of the judgment of the supreme court. In the meantime the proceedings in bankruptcy may go on in the usual way to their final orderly termination; and if the judgment creditor shall not, in the meantime, have succeeded in getting her debt in a condition to receive dividends upon it. she will be no better, and perhaps no worse off, than she would have been if she had not commenced these proceedings.

Involuntary proceedings in bankruptcy are not in any sense proceedings merely for the collection or security of the particular debt of the petitioning creditor. They are for the benefit of all the creditors. It is true, up to adjudication, the petitioning creditor controls the proceedings, but when adjudication of bankruptcy passes it relates back and covers the whole intermediate time between the filing of the petition and the adjudication. The adjudication of bankruptcy is not based upon the relation of debtor and creditor alone, but, that relation existing, it is based upon the additional fact that the debtor has committed some act or acts of bankruptcy. The effect of the adjudication is that the debtor then and there, at the time and place of committing the act or acts of bankruptcy. became a bankrupt. The fact that the petitioning creditor has a provable debt to the requisite amount is necessary to be shown for two purposes only, viz.: First, to show that the alleged debtor occupies that relation; and, second, to show that the petitioner has the requisite qualification to commence the proceedings. Its office is then exhausted, and it has not and is never given, any other or further force or effect. The petitioning creditor stands in no better or more favorable position after adjudication than any other creditor. He must prove his debt in the course of the bankruptcy proceedings the same as any other creditor. His debt may be opposed, adjudicated upon and allowed, abated, or expunged the same as any other debt. It therefore cannot be said that the taking of the property of the debtor into the custody of the bankruptcy court by virtue of the adjudication of bankruptcy is a taking upon or for the security or payment of the particular debt of the petitioning creditor, and so, in this case, in conflict with the disability to issue execution upon the petitioning creditor's judgment. How it would be in such a case if it was made to appear that there were no other creditors it is unnecessary here to discuss, as no such fact appears in this case.

As this case is now presented the first ground of objection is not tenable.

Second, as to the effect of the issue and levy of execution upon the petitioner's right to invoke the powers of this court. The argument in support of this ground of motion is based, first, upon an election of remedies; and, second, that the debt was fully secured by the levy. In support of the first proposition, Cohen v. Cunningham, 8 Term R. 123, is cited, where it was held that a judgment creditor having taken the body of the debtor in execution must be held to have elected his remedy, and could not afterward come into the bankruptcy court for relief. That is, no doubt, entirely correct, because at the common law the taking of the body in execution is a satisfaction of the judgment, and of course the judgment creditor could thereafter have no other remedy upon his judgment in the bankruptcy or elsewhere. It is true, the decision is not placed expressly on that ground. but it affords a rational explanation of it, and is in no manner inconsistent with what is said by the learned judge who made the decision. But I have yet to be convinced that the institution of proceedings by a creditor against his debtor, at law or in equity, concludes the creditor from afterwards abandoning such proceedings, and coming into the bankruptcy court at any time before such proceedings have resulted in a satisfaction of the debt. The levy in this case was not a satisfaction, because it was on real estate only. There is, therefore, in my opinion, nothing in this argument as applied to the facts in this case.

In support of the second proposition, Avery v. Johann [Case No. 675] is cited. That case was quite like the present one, except that there had been no writ of error and stay, or supersedeas of execution; and if I

agreed with the learned judge who made that decision in his reasoning and conclusion, perhaps I should be compelled to dismiss the petition in this case. But with great deference to the age and experience of that learned judge, I am compelled to differ with him as to both. In the first place, that decision seems to be based largely upon the assumption that the judgment creditor having elected to proceed by issue and levy of execution he is concluded from resorting to any other remedy, but must follow his levy to its legitimate results in the state courts; as to which doctrine my adverse views have already been given. In the next place, the decision seems also to be based largely upon the fact that it was not alleged and proven that there were other creditors to be benefited by the bankruptcy proceedings, and that the petitioning creditor, being already fully secured, has no need of resorting to them. That it is necessary in the first instance for a petitioning creditor to show, in any case, that there are other creditors, I believe is nowhere else asserted or assumed. The act does not require it, nor the authorized form of petition prescribe it. Ordinarily, bankruptcy proceedings may be instituted and maintained where there are no other creditors. If, however, that fact becomes material in any case, I think the burden is upon the respondent to show it.

But did the petitioning creditor in the present case obtain security by the levy of her execution upon the land in question without further proceedings? She certainly obtained no lien (or at most but an inchoate one) as against the persons to whom the title had been transferred. In order to obtain a perfected lien as to them, proceedings and decree in equity directly against them were necessary, and it certainly does not lie in the mouth of a judgment debtor, under such circumstances, to assert a lien, because he would thereby be asserting his own fraud in derogation of the title of his grantees, perhaps innocent purchasers, to gain an advantage to himself. The allegation in the petition that the conveyances were fraudulent as to creditors, relates to the debtor alone, as an act of bankruptcy; and an adjudication that they were so on his part, in no manner affects the title in the hands of his grantees, or subjects the property to the payment of his debts. Further proceedings directly against his grantees are necessary for that purpose. Throwing out the doctrine of election of remedies, which we have seen is not tenable, I think the fact of the levy has no significance. At all events, if it had any significance at the time it was made, as a step necessary to obtain a lien, the judgment creditor has shown her intention to abandon the same by coming into this court instead of taking the further steps in the state court necessary to perfect it. Whether, under any circumstances, she could be allowed in this court any claim or advantage on account of the levy, it is unnecessary now to decide, but I am at present clearly of the opinion that she could not.

The foregoing considerations are independent of the fact of the stay of all further proceedings upon the execution by the writ of error and bond, under the statute of Michigan before cited. That fact, I think, adds additional force to those considerations. The stay of proceeding upon the execution thus provided, is not conditional or contingent upon affirmance or reversal of the judgment, but it seems, by the terms of the statute, to be absolute and perpetual. This being the case, no further proceedings, of course, could be, nor ever can be had by virtue of the levy, and it is, of course, a nullity. It results that the motion to dismiss the petition must be denied. The respondent will, however, be allowed reasonable time to answer the petition, if he desire to do so.

On the filing of the petition a warrant of arrest and to take possession provisionally was issued, and the respondent was arrested and is now in custody, but no property or effects have been delivered to or taken possession of by the messenger. The arrest is in no manner for security or satisfaction of the petitioning creditor's debt. It is simply to secure the attendance of the respondent from time to time as the court shall order, until the decision of the court upon the petition, or the further order of the court, and it is to that purpose, and no other, that bail is required of him. I cannot see that this in any manner conflicts with, or is an evasion of the restriction against suing out execution for the satisfaction of the petitioning creditor's judgment. The motion to dismiss the warrant of arrest must, therefore, also be denied.

As a warrant to take possession provisionally, it is for the benefit of all the creditors. If, however, it was made to appear that there are no other creditors I should be inclined to say that its execution to that extent should be stayed. But, in the absence of any such showing, the motion in that regard must be denied.

An order must be made denying the motion to dismiss, and allowing the respondent ten days to answer the petition. As the main question is a new one, and presents so many plausible considerations favorable to the respondent, although not sufficient, in the opinion of the court, to entitle him to his motion. I shall not award the costs of the motion against either party.