112  469
| 118  295
112  469
d125  280

## FRAZER *v.* JUDGE OF RECORDER'S COURT.

CRIMINAL LAW—NEW TRIAL—STATUTORY LIMITATIONS.

The limitation imposed by 2 How. Stat. § 9576, empowering the trial court to grant a new trial in a criminal cause *at the same term* at which the trial is held, or *at the next term* there-after, cannot be avoided by the entry of orders extending the time in which the motion for new trial may be made. So *held,* at least, where the orders did not show that the prosecuting attorney consented to the proposed extension, and where no reason appeared why the motion might not have been made and disposed of within the statutory period.

*Mandamus* by Allan H. Frazer, prosecuting attorney of Wayne county, to compel William W. Chapin, judge of the recorder's court of Detroit, to vacate an order granting a new trial. Submitted February 9, 1897. Writ granted April 27, 1897.

*Allan H. Frazer, in pro. per.*

*George X. M. Collier* and *John Atkinson,* for respondent.

GRANT, J. One Harry Dale was on May 18, 1896, convicted of a felony, and sentenced to imprisonment in the state prison. On January 6, 1897, his attorney made a motion for a new trial, which, on January 26th, was granted. The relator insists that the court had no jurisdiction to grant a new trial at the time, on the ground that the statutory limit had expired.

2 How. Stat. § 9576, is as follows:

"The court in which the trial of any indictment shall be had may, *at the same term, or at the next term thereafter*, on the motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms or conditions as the court shall direct."

The statute fixes the terms of the recorder's court of the city of Detroit on the first Wednesday of January, March, May, July, September, and November, being six terms a year. The respondent returns that, at the date of the conviction, he entered an order granting 90 days in which to move for a new trial, and 60 days after the expiration of said 90 days in which to settle a bill of exceptions; that on May 20th respondent went away, returning September 10th; that on September 2d an order was entered in said court extending the time to move for a new trial and settle the bill of exceptions 45 days after August 15th; that on September 21st another order was entered, further extending the time 60 days; that the prosecuting attorney then said he had no objection to said order; that on November 20th the time was again extended 60 days for the like purposes; that the assistant prosecuting attorney was then present in court, and made no objection. Three full terms of court had passed between the date of the conviction and the date of the motion.

New trials are purely statutory, and courts have no right to annul the statute. At the common law there was no new trial. The statute was before this court in *People* v. *Marble*, 38 Mich. 309, and that case is decisive of the question. Under that decision, the order was without the jurisdiction of the court, and is void, unless jurisdiction is saved by the entry of the several orders extending the time. No reason appears why the motion might not have been made and disposed of within the statutory time. The fact that Judge Chapin was absent did not prevent the making or hearing of the motion. Another judge occupied the bench, and had jurisdiction to act. The orders do not show the consent of the prosecuting attorney, and it does not appear that the last order extending the time was made by his assent, unless his silence gave consent. We do not think that the statute should be so lightly set aside, and be rendered nugatory. The motion was not made until seven months and a half after the

conviction and sentence.  It is a matter of common knowledge in criminal cases, especially in large cities, that witnesses go beyond the jurisdiction of the court, and it is difficult, and sometimes impossible, to produce them upon a subsequent trial long after the first one.  It was the evident purpose of the statute to require these motions to be promptly made and promptly decided. Prompt action is no hardship to those convicted of crime, and is a wise provision for the protection of the public.

The writ must issue, vacating the order, and directing the prisoner to be returned to the state prison if he has been taken therefrom for the purpose of a new trial.

The other Justices concurred.