### HAYES *v.* IONIA CIRCUIT JUDGE.

1. BILL OF EXCEPTIONS — TIME FOR SETTLING — EXTENSION BY EX PARTE ORDER.
    Under Circuit Court Rule No. 47, prohibiting the extension of the time for settling a bill of exceptions for more than 60 days, unless for cause shown after notice or by stipulation of the parties, the granting of additional time to settle a bill by an *ex parte* order made after the expiration of the 60 days' is error, and the order is void.

2. NEW TRIAL—APPLICATION—POWER OF COURT.
    Circuit Court Rule No. 21, which provides that a motion for a new trial shall be made within five days after the rendition of the verdict, or within such further time as shall be allowed by the court, does not preclude the court from granting an extension of time by an *ex parte* order.

*Mandamus* by Mary A. Hayes to compel Frank D. M. Davis, circuit judge of Ionia county, to strike a motion

for a new trial from the files, and to vacate an order extending the time in which to settle a bill of exceptions or move for a new trial. Submitted October 30, 1900. Writ denied November 13, 1900.

*Lemuel & William K. Clute* (*Morse & Locke*, of counsel), for relator.

*George E. & M. A. Nichols*, for respondent.

MOORE, J. December 31, 1898, a verdict was rendered in favor of the relator in the case of Webber *et al.* against Nathan B. Hayes, principal defendant, and Mary A. Hayes, garnishee defendant. By orders of court or stipulation of counsel, the time in which to settle a bill of exceptions or move for a new trial was extended from time to time. The last of these stipulations was filed February 26, 1900, and gave the plaintiffs until the 1st day of April in which to sue out a writ of error, settle a bill of exceptions, or move for a new trial. On March 31, 1900, counsel for plaintiffs attempted to get a stipulation for further time. Counsel for defendant refused to grant it. On the same day counsel for plaintiffs obtained an *ex parte* order extending the time 30 days in which to settle a bill of exceptions or move for a new trial. April 21, 1900, counsel for plaintiffs made a motion for a new trial, to be heard the 7th of May, and notice was served of this motion upon counsel for defendant. April 24, 1900, counsel for defendant made a motion to strike from the files the motion for a new trial, and to set aside the order of March 31, 1900. The court refused this motion. The relator prays for the writ of *mandamus* to compel the circuit judge to strike the motion for a new trial from the files, and to vacate the order of March 31, 1900.

On the part of the relator it is insisted that the order of March 31, 1900, is invalid—*First*, because it extended the time to settle a bill of exceptions or move for a new trial until after the time had expired in which a bill of exceptions could be settled; and, *second*, because it was made

*ex parte.* Cir. Ct. Rule No. 47 provides when a bill of exceptions must be settled. This rule has been construed in the recent cases of *Hill* v. *Hill*, 114 Mich. 599 (72 N. W. 597), *Lake Shore, etc., R. Co.* v. *Branch Circuit Judge*, 116 Mich. 399 (74 N. W. 529), and *Roach* v. *Wayne Circuit Judge*, 117 Mich. 242 (75 N. W. 465). Under the rule and these decisions, that part of the order extending the time in which to settle a bill of exceptions is void.

The provisions of law in relation to new trials in civil causes are to be found in 1 Comp. Laws 1897, § 205, and Cir. Ct. Rule No. 21. It will be observed that there is no such limitation of time as there is in the rule relating to the settlement of bills of exceptions. The provisions do not interfere with the common-law discretion of the court. They only fix a time beyond which no one could move for a new trial as a matter of right. In *People* v. *Wayne Circuit Judge*, 20 Mich. 220, it was said:

"It is not clear that motions for new trial based on newly-discovered evidence would come within the rule fixing a time, for the facts may not be ascertained until afterwards. It is not desirable to compel parties to resort to courts of equity to obtain new trials, where it can be avoided; and in such cases the courts of law should act on equitable principles, and do, if they can, what justice requires."

See, also, *Van Renselaer* v. *Whiting*, 12 Mich. 449; *Campau* v. *Coates*, 17 Mich. 237.

In *Manufacturers' Mut. Fire Ins. Co.* v. *Gratiot Circuit Judge*, 79 Mich. 241 (44 N. W. 604), an *ex parte* order extending the time in which to move for a new trial was entered. This court declined to interfere with the action of the court. In the case of *Reynolds* v. *Sweet*, 104 Mich. 252 (62 N. W. 356), a judgment was entered in the circuit court March 21, 1894. The case was brought to this court, and decided February 26, 1895. The judgment of the court below was affirmed, and a remittitur was sent to the clerk of the circuit court. The judgment

was paid in March.   December 20th following, a year and nine months after the original judgment was entered, a motion was made for a new trial, and the new trial was granted.   Upon an application for a *mandamus*, this court declined to interfere.   *Reynolds* v. *Newaygo Circuit Judge*, 109 Mich. 403 (67 N. W. 529).   In *Fort Wayne, etc., R. Co.* v. *Wayne Circuit Judge*, 110 Mich. 173 (68 N. W. 115), the circuit judge upon his own motion granted a new trial, and it was held he had the right to do so. The counsel for the relator cite the case of *Frazer* v. *Judge of Recorder's Court*, 112 Mich. 469 (70 N. W. 1042).   That case was a criminal case.   The statute authorizing a new trial in criminal cases limited the time in which the application must be made.   The case is not applicable here.

It is urged that, if the circuit judge may grant a new trial after the time for settling a bill of exceptions has expired, unreasonable delays will be caused, abuses will arise, and parties will obtain by indirection what they cannot obtain directly.   We are not at liberty to assume that circuit judges will not do their full duty, or will grant a new trial except where it ought to be granted in furtherance of justice.   Should such a case arise, a proper disposition can be made of it.

The application for the writ is denied.

The other Justices concurred.