## Albert Gullion v. Margaret Traver et al.

Filed February 19, 1902.   No. 11,080.

Commissioner's opinion, Department No. 3.

1. **Motion for New Trial:** Amendment: Unavoidable Delay. A motion for a new trial can not be amended after the statutory time for filing such motion has expired, except upon a finding by the court that the party was unavoidably prevented from presenting the matter contained in the amendment within three days after verdict.

2. **Motion for New Trial:** Amendment: Limitation. Questions presented by an amendment to a motion for a new trial, made more than three days after verdict and without a finding of the court that the party was unavoidably prevented from presenting such questions within three days from verdict, will not be considered by this court.

3. **Instruction:** Rule of Damages. The refusal to give an instruction correctly stating a rule of damages, but which became immaterial on account of the finding of the jury, is not reversible error.

4. **Verdict.** The verdict of a jury will not be disturbed when based on conflicting evidence.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Affirmed.*

*Mockett & Polk* and *C. S. Polk,* for plaintiff in error.

*David K. Barr* and *Jesse L. Root, contra.*

DUFFIE, C.

This is an action in replevin brought by the plaintiff to recover certain personal property described in a chattel mortgage claimed to have been executed by the defendant in error, Margaret Traver, and George Traver, her husband. Charles P. Traver intervened in the action, claiming to be the owner of one cow described in the mortgage. The jury returned a verdict for the defendants and intervener, upon which judgment was entered by the court, and the plaintiff in error has brought the record to this court for review.

Some preliminary questions should be disposed of before proceeding to examine the case upon its merits. The verdict of the jury was returned and filed November 28, 1898, and the plaintiff in error filed his motion for a new trial December 1, 1898. December 10, 1898, the court made an order granting leave to the plaintiff to amend his motion for a new trial. The record does not disclose any written application made to the court for leave to amend the motion, nor does it appear upon what ground such leave was granted, or that any showing was made or required as a basis for the order. In *Aultman, Miller & Co. v. Leahey,* 24 Nebr., 286, the plaintiff, after the expiration of the three days allowed by the statute for filing a motion for a new trial, applied to the court, and obtained leave to amend his motion. This court refused to consider the matters set out in the amendment, and relating to the power of the court in such cases said: "Section 316 of the Code of Civil Procedure provides that 'the application for a new trial must be made at the term the verdict is rendered, and, except for the cause of newly discovered evi-

dence, shall be within three days after the verdict was rendered, unless unavoidably prevented.' This amendment embodies a new and definite assignment of error. It was not made until the fourth day after the verdict was rendered, after the expiration of the time limited by the Code, without the finding by the court that the plaintiff 'was unavoidably prevented' from a compliance with the statute, as a palliation for the amendment. Is it not, therefore, to be rejected? If it may be said that the application was made within the statutory limit, and that the right of amendment to pleadings is inherent in the court, rendering this amendment consubstantial with the original assignments, it may also be suggested that the amendment was an apparent necessity in bringing the application within the rule that, 'the [attention of] the trial court be specifically called to each alleged error, in a motion for a new trial, and the same be also specifically pointed out to the supreme court in the petition in error,' and without which the original allegations were too incomplete and insufficient to support the vague contentions of error presented to the court. The amendment comprised substantially the whole of error assigned. It does not seem, therefore, to have been competent for the court to have extended the time limited by the Code, by the allowance of a substitute, as an amendment, after the expiration of the three days appointed, after the verdict. The authority of the legislature to regulate, by the Code, applications for new trials, will not be disputed. It has done so in a mandatory provision. This amendment is no less than an infraction of it. It is an improper suspension of the rule of the Code."

In the motion first filed no exceptions were taken to the instructions of the court, the only error alleged relating to instructions being that the court erred in refusing to give instruction No. 1, asked by the plaintiff. Following the rule announced in *Aultman, Miller & Co. v. Leahey,* we can not consider the errors assigned in the amended motion filed for a new trial attacking the correctness of

the instructions given by the court to the jury. The re-
fusal of the court to instruct the jury as requested by the
plaintiff in instruction No. 1 is not reversible error, un-
less from an examination of the evidence it shall appear
that the verdict of the jury is not supported by sufficient
evidence. The instruction related wholly to the damages
which the plaintiff should recover for part of the mort-
gaged property which the defendant had sold and disposed
of, provided the jury found for the plaintiff. As the jury
returned a verdict for the defendants this became wholly
immaterial, and the failure to give the instruction could
not in any manner prejudice the plaintiff.

It appears from the record before us that the defendant
George Traver was indebted to one Cutler. This indebt-
edness was evidenced by a note which had been indorsed
by Cutler to Gullion, the plaintiff in error. On the even-
ing of January 8, 1896, Cutler and Quackenbush, a book-
keeper for the First National Bank of Greenwood, drove
out to the Travers farm to obtain security upon the note.
A real-estate mortgage securing the note was made and
executed at that time. Further security being demanded,
the chattel mortgage in question in this case was signed
by Mrs. and Mr. Traver, and given to Quackenbush, with
instructions to fill in a description of the property in-
tended to be covered thereby from a first mortgage then
held upon the same property by the First National Bank
of Greenwood. It is claimed by the defendants that Quack-
enbush was to hold the mortgage until the Travers could
get to town and examine the mortgage and the description
of property contained therein. It is asserted, and not de-
nied, that a portion of the property included in the chattel
mortgage held by the First National Bank of Greenwood
had been sold, and the proceeds applied upon that mort-
gage, and for this reason the Travers insist that they
desired to examine the mortgage before its delivery, to be
certain that it did not cover any property not then owned
by them. Mr. Traver was sick at the time, and the evi-
dence is practically undisputed that he did not get to town

until the 19th of January, 1896. In the meantime, Quackenbush had filled in the mortgage with a description of the property, and on the 13th of January, 1896, had filed a copy of the same with the register of deeds of Cass county. The issue was sharply made that there never had been any delivery of this mortgage by Traver and his wife.

There is ample evidence in the record to support the finding of the jury that no delivery was in fact ever made. In this condition of the case, we can not, under the well-known rule of the court, interfere with the findings of the jury. We therefore recommend the affirmance of the judgment.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.