NOLAN *v.* GARRISON.

APPEAL AND ERROR—CHANCERY APPEALS—SETTLEMENT OF CASE —TIME—STATUTE—COURT RULES—CONSTRUCTION.

Act No. 129, Pub. Acts 1905, does not, by reference therein to Circuit Court Rule No. 47, limit the time for making and settling a chancery case for appeal to the time provided by said Rule 47, but the statute expressly grants three months in which to make and file a case, and gives the circuit judge authority to extend the time without cause and without notice to a time not exceeding six months after the entry of the decree.

Bill by Frances A. Nolan against John W. Garrison

and others for an accounting, and to set aside certain deeds. From a decree for complainant, defendants appeal: On motion to dismiss said appeal. Submitted June 4, 1907. (Calendar No. 22,239.) Denied July 1, 1907.

*Walker & Spalding*, for the motion.

*Edward McNamara* (*H. Geer*, of counsel), contra.

CARPENTER, J. This is a motion to dismiss an appeal from a decree rendered by the circuit court in favor of complainant. The decree was entered October 8, 1906. Claim of appeal was filed October 16, 1906. On January 4, 1907, the circuit judge, without any cause being shown therefor, extended the time to settle the case on appeal for six months from the entry of the decree. The case on appeal was settled, signed, and filed April 6, 1907.

Appellee moves to dismiss the appeal on the ground that the order made January 4th by the circuit court extending the time to settle the case was unauthorized and void. He contends that according to the proper construction of Act No. 129, Pub. Acts 1905, the time to settle the case for appeal is determined by Circuit Court Rule No. 47, and that, according to this rule, an order extending time to settle a bill made more than 80 days after judgment, without good cause shown, is void. See *Hayes* v. *Ionia Circuit Judge*, 125 Mich. 277; *Lake Shore, etc., R. Co.* v. *Branch Circuit Judge*, 116 Mich. 399. We do not question appellee's construction of Circuit Court Rule No. 47, but we do question his claim that the time to settle the case for appeal is determined by said rule. Act No. 129, Pub. Acts 1905, providing for chancery appeals, reads:

" That in all cases, whether the same shall be so tried in open court or the testimony shall have been taken by deposition, or before a circuit court commissioner, either party shall be entitled to make and settle a case, setting forth in substance all the evidence taken or read at the

hearing, following as far as practicable the making of cases for review at law, before the judge who tried the same, at such time and in such manner as is now provided by rule for the settlement of bills of exceptions in cases at law. * * * And such case so made and filed within three months after the entry of the final order or decree therein shall be deemed and held to be the evidence therein for all purposes of review on appeal to the Supreme Court.  *And provided further*, That the judge who tried such case, or any other circuit judge holding such court, may grant an extension of the time for making and filing such case for a period not exceeding six months from and after the date of the entry of such decree or final order."

Then follows a further provision authorizing the circuit judge "on special motion and due cause shown * * * to grant an extension of the time for making and filing such case for a period not exceeding one year."

Appellee's contention that Circuit Court Rule No. 47 fixes the time for settling a case upon appeal is based upon the language of that part of the statute first above quoted. If this contention is correct, if the time prescribed in Circuit Court Rule No. 47 is the time in which a case for appeal in chancery must be settled, 20 days, and 20 days only, is allowed, and this time may be extended without cause shown 60 days, and no more. But the statute in clear and in express terms grants three months in which to make and file said case. It also gives the circuit judge authority to extend said time for a period not exceeding six months, and this authority it is clear may be exercised without cause being shown and without notice; for it is expressly provided that upon notice and cause shown the time may be extended for a period not exceeding one year. The construction contended for by appellee would therefore nullify the express provisions of the statute, and cannot be adopted. What did the legislature mean by the language of the statute first above quoted, that in preparing the case made the party should follow " as far as practicable the making of cases for review at law * * * at such time and in such manner as is now provided by

rule for the settlement of bills of exceptions in cases at law?" This question is not so easily answered; but this is obvious—and this disposes of appellee's contention—that the language must receive a construction in harmony with the other provisions of the statute which give three months to settle the case and give authority to the circuit judge to extend this time to six months. It is to be suggested that the first portion of the statute—the portion upon which appellee relies—relates to the manner of preparing the case made and the method of presenting it to the judge, and it seems quite probable that the reference therein to time relates to the time of presenting said case to the circuit judge. A construction according to this suggestion would give effect to the words "at such time." It would require the proposed case to be presented to the trial judge at the time specified in a notice, which, together with a copy of said proposed case, was served upon the opposing party "at least four days before the time for such settlement." See Circuit Court Rule No. 47, subd. *f.*

Appellee relies upon other grounds. They are not meritorious, and do not demand discussion.

The motion to dismiss is denied.

McALVAY, C. J., and GRANT, BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.