### 4788.   REGISTER *et al. v.* THE STATE.

The accused having procured a decision that the verdict which was read by the foreman in open court, but which the trial judge declined to receive, was a valid verdict and a final termination of the case, and the effect of this decision being that a motion for a new trial could have been filed to set aside this verdict, notwithstanding it had not been received and recorded on the minutes, the trial judge properly refused to entertain a motion for a new trial more than a year after the rendition of the verdict, and also properly overruled a demand that the jury be polled, and rightly refused to discharge· the accused. The demand to poll came too late, and the question as to the right of the accused to· be discharged has already been adjudicated against them by the Court of Appeals.

DECIDED MAY 6, 1913.

Indictment for murder—conviction of involuntary manslaughter ;. from Colquitt superior court—Judge Thomas. February 13, 1913.

*W. A. Covington, James Humphreys, E. L. Bryan, Claude Payton,* for plaintiffs in error.

*J. A. Wilkes, solicitor-general, L. L. Moore, Shipp & Kline,.* contra.

POTTLE, J. A verdict of voluntary manslaughter was returned against the accused, and this verdict was set aside on the ground that a verdict of involuntary manslaughter, which the court had previously declined· to receive, was a legal verdict and a final termination of the case. 10 *Ga. App.* 623 (74 S. E. 429). Subsequently the accused were arraigned under the indictment and filed pleas setting up that the effect of the refusal of the court to receive· the verdict of involuntary manslaughter was to declare a mistrial,. and operated to acquit the accused, and that if this were not true,, the verdict finding the accused guilty of involuntary manslaughter was a valid verdict and· a final termination of the case, and they could not be again arraigned under the indictment. The accused excepted to the judgment striking both of these pleas. This court held (ante, 1, 76 S. E. 652) that the verdict of involuntary manslaughter was a valid verdict and a final termination of the case,. and that the accused could not again be tried under the indictment for any offense. The trial judge was directed to have the verdict of involuntary manslaughter· recorded upon the minutes of the· court, and to impose sentence in the manner prescribed by law. It was contended in that case by counsel for the accused that they never had an opportunity to file a motion for a new trial for the

purpose of setting aside the verdict of involuntary manslaughter, for that verdict had never been received by the court and filed, and no exception to it could be taken. In reply to this contention this court said (ante, 8) : "The effect of the decision of the Court of Appeals was that publication of the verdict by the foreman of the jury was sufficient to give it legal efficacy. There was, therefore, no reason why the accused could not have filed a motion for a new trial and asked that that verdict be set aside. And furthermore, they can not now assert that that verdict was not a final determination of the case, when, on their own motion, they procured a decision from the Court of Appeals that it was." When the case was again called in the trial court, in order that the direction of this court to impose sentence might be complied with, the accused made a demand that the jury be polled, moved that they be discharged, and also tendered a motion for a new trial, which the court refused to entertain. To all of these adverse rulings they excepted.

The accused procured from this court a decision that the verdict of involuntary manslaughter was a valid verdict and a final termination of the case. It was held that the oral pronouncement of the verdict by the foreman of the jury was a sufficient publication of it, and that it was not necessary, in order to give it validity, that it be filed and recorded on the minutes of the court. We are satisfied with the correctness of this decision, and it is too late now to challenge its soundness. The accused could have filed a motion to set aside this verdict at any time within the time required by law after its publication. They were not deprived of this right by the failure of the court to receive the verdict and to allow it to be recorded on the minutes. They have asserted all the while that this verdict was legal and valid and a final termination of the case. They had a right to have the verdict of voluntary manslaughter set aside, and they had a right to have sentence imposed upon the first verdict. They also had a right to file a motion for a new trial, to set aside the first verdict. Having allowed the statutory period to elapse without availing themselves of this right, they can not now be heard to assert that the verdict should be set aside for errors made during the progress of the trial. They are in laches, because of their own failure to file a motion in time, and not because of anything done by the trial court which prevented them from so doing. The trial judge properly refused to entertain the motion for a new

44

trial. The demand to poll the jury, having been made long after the jury had been discharged, came too late. If the court in the first instance had declined to give the accused an opportunity to poll the jury, a motion for a new trial, complaining of this failure, should have been tendered in due time. The question of the right of the accused to be discharged has already been adjudicated against them by this court, and need not be further discussed.

*Judgment affirmed.*