NICHOLS *v.* HOUGHTON CIRCUIT JUDGE.

1. CRIMINAL LAW—NEW TRIAL—MOTIONS—TIME.

   Of its own motion the circuit court may not grant a new trial in a criminal proceeding at a time when the respondent has lost the right to file such motion.

2. SAME—STATUTES.

   Under the provisions of 3 Comp. Laws, § 11963 (5 How. Stat. [2d Ed.] § 15134), limiting the time within which a motion for a new trial may be filed in a criminal proceeding, the court is required to grant the motion either at the term at which the respondent was convicted or at the succeeding term; an order made at the second term following the statutory period, after respondent had filed a motion for a new trial based upon a number of grounds which the court overruled, was unwarranted and void, although respondent had filed an amendment to his motion setting up an additional reason for setting aside the verdict which the court in its opinion held was sufficient ground for a new trial.

3. SAME—AMENDMENT—MOTIONS.

   An amendment to a motion for a new trial not containing grounds or reasons therefor which are germane to those

which were stated in the original motion may not be permitted after the term following respondent's conviction.

4. SAME—NEW TRIAL—WAIVER OF OBJECTIONS.

By consenting to the amendment, which was of itself in the nature of a new motion, at a term subsequent to the time limited by statute, the prosecutor did not waive the right of the State to insist that the additional grounds of the motion were filed too late or confer jurisdiction on the court to award a new trial for the reason given in the amended motion.

Mandamus by George E. Nichols, special prosecuting attorney for the county of Houghton, against Richard C. Flannigan, circuit judge, presiding in the county of Houghton, to compel the respondent to set aside an order granting a new trial in a prosecution for murder. Submitted April 7, 1915. (Calendar No. 26,725.)    Writ granted May 10, 1915.

*Anthony Lucas,* Assistant Prosecuting Attorney, for relator.

*George E. Nichols,* Special Prosecuting Attorney, *in pro. per.*

*O. J. Larson* and *Hanchette & Lawton,* for respondent.

PER CURIAM. An order having been made that the respondent, circuit judge presiding in the twelfth judicial circuit, show cause why a peremptory writ of mandamus should not issue to compel him to set aside and vacate an order made by him in a cause recently pending before him in the circuit court for the county of Houghton entitled the "People of the State of Michigan v. James Cooper, Arthur Davis, William Groff, and Edward Polkinghorne," wherein said respondent by said order, dated the 19th day of January, 1915, directed that the verdict and judgment finding the above-named defendants guilty of the

crime of manslaughter be vacated, and that a new trial be granted, and the defendants remanded to the custody of the sheriff of Houghton county, and enter an order granting the motion of relator made on the 25th day of March, 1915, wherein the said relator prayed the respondent to set aside his said order of the 19th day of January, 1915, granting a new trial in said cause, and, further, that said respondent be directed to remand the above-named defendants so convicted to the custody of the warden of the State House of Correction and Branch of the State Prison in the Upper Peninsula at Marquette, Mich., to serve out the remainder of their sentence, and, the said respondent having made due return to said order, the following undisputed facts appear:

At the January, 1914, term of said circuit court the said case in which said defendants were charged with the murder of one Stephen Putrich was tried before said respondent, and on February 15, 1914, the said defendants were found guilty of manslaughter by the jury therein. Immediately following the verdict and before sentence, a motion for a new trial, based upon a number of enumerated grounds, was made, argued, and denied, and thereupon, on February 16, 1914, the respondent sentenced each of said convicted defendants to imprisonment in the said prison at Marquette, and immediately thereafter said defendants were taken to said prison, where they began serving their several terms of sentence so imposed. The January term of said circuit court began on January 6, 1914, and ended on April 5, 1914, and said cause was tried and said defendants sentenced during said term of court. The April term of said court began April 6, 1914, and ended on September 5, 1914. The September term began September 6, 1914, and ended on the 1st day of November, 1914. On July 29, 1914, counsel for said convicted defendants filed a motion for

leave to move, and did move for a new trial upon 25 specified grounds relating to the charge and the weight of the evidence, and said motion came on to be heard before respondent September 4, 1914, and he took the same under advisement, and said motion was undecided and undetermined on September 29, 1914. On the last-named day counsel for said defendants filed in the office of the clerk of said court a motion entitled in said cause for permission to amend the motion for a new trial theretofore filed, by adding another reason to said motion, to stand as reason No. 26, as follows:

"26. For the reason that each and all of the respondents were unfairly prejudiced before the jury by the prosecution, at the opening of the rebuttal by said prosecution, when Mr. Nichols, the assistant prosecuting attorney, made the following remark: 'I would like to offer in evidence the deposition of John Callaghan, taken in New York, on the part of the respondents, if they have no objection.'"

Thereafter, and on November 4, 1914, counsel upon both sides appeared, and the matter was submitted to the respondent upon the merits, as to the alleged error committed by the assistant prosecuting attorney in offering such deposition in evidence in the presence of the jury, and thereupon respondent took the matter under advisement. On December 30, 1914, the respondent filed with the clerk of said circuit court his findings and opinion upon said motion, and decided and determined that the motion so far as originally filed upon July 29, 1914, should be denied, and did deny the same; but in relation to said matter of offering said deposition in evidence, respondent held and determined that it was prejudicial error, and upon that sole ground granted a new trial. On January 19, 1915, respondent, presiding in said court, caused to be entered a formal order, vacating the verdict and

judgment, and granting a new trial in said cause and directing the warden of said prison to deliver said convicted defendants to the sheriff of Houghton county, to be held until delivered by due course of law. Subsequently the said sheriff, in pursuance of said order, took said defendants into his custody, where they now are, unless they have been admitted to bail, of which last matter this court is not advised. On March 25, 1915, relator, believing that the order granting said new trial was void and without authority of law, filed a motion in said circuit court, praying the court to set aside said order for the reason that the circuit court for the county of Houghton had no power, authority, or jurisdiction to grant said defendants a new trial upon January 19, 1915, or upon December 30, 1914, for the reason that the ground upon which said order was based was not filed in said cause until after the expiration of the term following the conviction of said defendants, and because the court had no power or authority to grant a new trial except at the same term, or the next term, after the conviction of said defendants; and, the defendants having been convicted in the January, 1914, term of said court, the respondent, in order to retain jurisdiction so to do, was obliged and required to grant a new trial within that term, or the April term following, and the order granting the new trial was not made until after the lapse of more than two terms. Said motion also stated as a further reason for vacating the order for a new trial that no error was committed in offering said deposition, and that respondent in granting a new trial did so without jurisdiction in the premises, and that such action was an abuse of judicial discretion. Said motion was heard on April 2, 1915, by respondent presiding in said circuit and was denied. In his opinion denying the motion to set aside the order granting a new trial (and which is

referred to in his return and made part thereof), after referring to the argument of the motion of July 29th, respondent said:

"On November 4, at Marquette, the people were again represented by both the prosecuting attorney and his assistant, and, upon the motion for leave to amend coming on to be heard, the people, in open court, expressly consented to the granting thereof, and the same was thereupon granted. The original motion was then, and was thereafter, treated by the court and counsel as amended accordingly. The twenty-sixth ground was then argued upon its merits. At the conclusion of such argument the people asked for time to file a brief touching the twenty-sixth ground, whereupon it was agreed between counsel, and ordered, that the people should have a reasonable time to file and serve their brief touching the twenty-sixth ground, and that the respondents should have a reasonable time thereafter, to file and serve their brief in reply.

"Respecting the filing of such briefs, counsel for both sides were reasonably prompt, but the trial of cases in the twenty-fifth circuit left no time after the briefs were received for consideration of the motion until the lull occasioned by the holiday season. During the holiday recess the authorities were examined, the matter was finally considered, and the findings were drawn up, and filed December 30, 1914. Then followed necessary correspondence with Mr. Nichols regarding the appointments to prosecute, and as soon thereafter as the business of the twenty-fifth circuit admitted of the absence of the judge, which was January 19, 1915, the formal order for a new trial, and for delivery of the respondents by the warden of the prison to the custody of the sheriff, was entered, and on the return of the respondents to Houghton and their presence in court the following day, orders appointing Mr. Nichols to prosecute, and Mr. Lucas to assist, and letting the respondents to bail, were entered.

"That the motion of July 29th was not filed in time, or that the motion to amend was not filed in time, or that the court was without power to grant a new trial after the conclusion of the term succeeding the term

of conviction, was not raised or suggested, directly or indirectly, by or on behalf of the people, at any time until the filing of the pending motion, and not only were the orders granting leave to move for a new trial and to amend the motion by adding the twenty-sixth ground expressly consented to by the people, but the court was explicitly assured that any objection which the people might interpose to the granting of such orders might be considered as waived, and that no objection was, or would be, made to the granting thereof. The limitation of the statute was not specifically mentioned by court or counsel, but the court had the right to and did suppose that counsel had it in mind."

After referring to the orders of April 2, 1915, one *nunc pro tunc* as of September 4, 1914, granting leave to file motion for a new trial; and one *nunc pro tunc* as of November 4, 1914, granting leave to amend the motion, and reciting that both orders were made by the express consent, in open court, of the people, they waiving any objection to the granting thereof, the respondent in his opinion further says:

"In the brief filed on behalf of the people in support of the pending motion, it is conceded the motion for a new trial of July 29th was filed in time, and that if a new trial had been granted for any reason therein set forth, it would not be subject to attack on jurisdictional grounds. The pending motion, as is said in the brief of the people, 'is directed simply to the so-called twenty-sixth ground of the motion, and the action of the court thereon.'

"The contention of the people is that, the twenty-sixth ground, on which the motion was granted, having been added to the motion under the order of November 4, 1914, after the conclusion of the term following the term of conviction, it should not be treated as relating back to the date of the motion of July 29th, but as a new and independent motion which was filed out of time. In other words, the claim is that a motion for a new trial of a criminal case which was filed in time, cannot be amended by adding an additional ground, after the time specified in the statute for filing the motion has expired, with or without the consent

of the people. That the court may, in its discretion, allow such amendment after the time has passed is sustained in Texas (*Tores* v. *State* [Tex. Cr. App.] 166 S. W. 523), and denied in Missouri (*State* v. *Hunt,* 141 Mo. 626 [43 S. W. 389]), and that the court has such discretionary right respecting the amendment of motions for a new trial in civil cases, is affirmed in Georgia, Kentucky, Minnesota, Ohio, South Dakota, Texas, and Canada, and is denied in Iowa and Kansas, and also in Nebraska and Missouri, except as to grounds the movant was unavoidably prevented from including, at the time of filing the motion. See 29 Cyc. p. 959, and notes."

The opinion of respondent in full is too lengthy to warrant us in inserting it here, but it has been duly considered. It concludes as follows:

"The time limit of the statute relates only to motions for new trial made by the convicted person. None of the cases in this State involving the statute touch the right of the trial court to grant a new trial on its own motion. As the statute reads, the trial court may, on its own motion, grant a new trial 'when' (whether before or after the term succeeding the term of conviction) 'it appears to the court that justice has not been done.' If the position of the people on this motion is given full credit, it only establishes that a respondent himself has no right to file a motion out of the statutory time, or out of the statutory time to amend a motion filed in time, by adding a new ground, but it does not follow that the court on its own motion may not, at any time, suggest new ground and act thereon, which practically was what was done in this case."

· It is the claim of counsel for the respondent that the statute (section 11963, 3 Comp. Laws, 5 How. Stat. [2d Ed.] § 15134), relating to the granting of new trials in criminal cases, is directory, and that a strict observance thereof, so far as time is concerned, is not a condition precedent to the granting of a new trial. The statute is as follows:

"The court in which the trial of any indictment

shall be had, may at the same term, or at the next term thereafter, on the motion in writing of the defendant, grant a new trial, for any cause, for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms or conditions as the court shall direct."

In *People* v. *Marble,* 38 Mich. 309, it was said that, at common law, a new trial was not granted in cases of felony, and that the provisions in this State allowing it are purely statutory. In that case the statutory time for making the motion had expired, and this court said:

"In this instance a new trial has been refused by this court on exceptions, and by the circuit court on a motion heretofore made in season. We think the statute fixing the time for such a motion cannot be enlarged in its operation; and, as there is no such remedy at the common law, the party is confined to the statutory remedy, which is now barred by lapse of time."

See, also, *Frazer* v. *Judge of Recorder's Court,* 112 Mich. 469 (70 N. W. 1042).

In *Hubbard* v. *State,* 72 Neb. 62 (100 N. W. 153, 9 Am. & Eng. Ann. Cas. 1034), it was held that the provisions of the statute limiting the time within which a motion for a new trial, in a criminal case, must be made, are mandatory. The reason for the rule is there stated as follows:

"We find no authority for saying the district court possesses the inherent or common-law power to grant a new trial in a criminal case, outside of statutory authority, as justice may demand. The authorities point rather to the contrary. In *Dodge* v. *People,* 4 Neb. 200, it is declared in the headnotes:

"'At common law courts had no power to grant new trials in cases of felony, and it was held that they had no power to revise or correct their judgment in such cases.'

"In the opinion it is said by Maxwell, J.:

"'At common law the finding of the jury of the guilt of

the accused was conclusive of that fact, and the court possessed no power to set the verdict aside and grant a new trial on the merits, on the motion of the accused, even where the verdict was clearly against the weight of the evidence' (citing Hilliard, New Trials [2d Ed.] 114; *Queen* v. *Bertrand*, 1 L. R. P. C. 520; *The King* v. *Fowler*, 4 Barn. & Ald. [Eng.] 275; 1 Ch. C. L. 653).

"And continues the author:

" 'Therefore the utmost caution was required in capital trials, in favor of life, and if an irregularity materially affecting the trial occurred, to the injury of the accused, the court usually represented such matter to the crown, and a pardon was granted' (citing *Commonwealth* v. *Green*, 17 Mass. 417).

"The authority of the district courts to grant new trials in criminal cases, and especially after the term at which a conviction is had, must, we think, if existent, be found in the statute; and, if not there, the remedy is by an appeal to the executive who is clothed with the pardoning power. As reason for differentiating regarding relief against judgments in civil and in criminal cases, it may be observed that the judgment in the civil case, when rendered, becomes fixed and a finality, except as the courts possess jurisdiction at law or in equity to grant relief against it in a proper case, while the judgment in a criminal case, in so far as its effectiveness is concerned, is always open to modification or annulment by an appropriate appeal to the pardoning power, against the exercise of which time does not run."

If the views expressed by the learned circuit judge are correct, then the circuit court may, at any time "when it shall appear to the court that justice has not been done," grant a new trial on its own motion. We do not so understand the statute. The words last above quoted are limited and controlled by the preceding clause: "at the same term, or at the next term thereafter." Otherwise the circuit court would never lose jurisdiction of the case, and might grant a new trial, on its own motion, years after the conviction. Such we think was not the intention of the legislature in the enactment of the statute. It must be conceded

that the twenty-sixth ground of motion for new trial was a new ground and in no way germane to the grounds set forth in the original motion. Leave to file it was granted on November 4, 1914, which was after the close of the third term of that year, and the conviction was had in the first term.

In *People* v. *Swartz,* 118 Mich. 292 (76 N. W. 491), the respondent, having been convicted at the May term, applied for a new trial, which was denied at the October term. In July following he made a motion to have the application for a new trial reheard, upon the ground of newly discovered evidence. It was held that this was practically an application for a new trial, made more than a year after the case was tried, and came too late (citing the statute and the *Marble* and *Frazer Cases*). This statute was again referred to in *Hayes* v. *Circuit Judge,* 125 Mich. 277, 280 (84 N. W. 141, 142), where it was said:

"The statute authorizing a new trial in criminal cases limited the time in which the application must be made."

To the same effect are the following cases: *Register* v. *State,* 12 Ga. App. 688 (78 S. E. 142); *Kinch* v. *State,* 70 Tex. Cr. R. 419 (156 S. W. 649).; *Parker* v. *State,* 10 Okl. Cr. 541 (139 Pac. 708); *State* v. *Adams,* 84 Mo. 310; *State* v. *Hunt,* 141 Mo. 626 (43 S. W. 389).

In the last-cited case the court said:

"If a motion for a new trial can be amended, or a supplemental motion filed after the expiration of four days after the trial [the statutory time] then for the same reason it can be done any number of days thereafter, which is contrary to the plain letter of the statute."

The same point was also ruled in *Mt. Vernon Bank* v. *Porter,* 148 Mo. 176 (49 S. W. 982), and *State* v. *Mason,* 18 Mont. 362 (45 Pac. 557).

In civil cases the same rule has been applied where there were statutory provisions. See *Mirrielees* v. *Railroad Co.,* 163 Mo. 470 (63 S. W. 718) ; *Gullion* v. *Traver,* 64 Neb. 51 (89 N. W. 404) ; *Perry* v. *Eaves,* 4 Kan. App. 26 (45 Pac. 718) ; *Culp* v. *Steere,* 47 Kan. 746 (28 Pac. 987) ; *Dutton* v. *Seevers,* 89 Iowa, 302 (56 N. W. 398) ; *Blue Creek Land, etc., Co.* v. *Anderson,* 35 Utah, 61 (99 Pac. 444).

Other cases might be cited to the same effect. While there are cases holding the contrary view, we think that the great weight of authority is to the effect that an amendment containing grounds for a new trial, not germane to those stated in the original motion, cannot be introduced or permitted after the statutory period for making the motion has expired.

Was there consent or waiver by the people? Upon this point the relator says:

"It is not a, fact that the people consented to and waived the question of the statute of limitations, but did consent to the filing of the so-called amendment and the presentation of the question upon the merits. But, assuming for the sake of the argument that a full, free, and complete consent was registered for the court to hear this matter upon the merits, and a waiver of the question of time of presenting the motion was announced, yet I contend that such consent and waiver conferred no jurisdiction upon the court to grant this motion for a new trial, where it had none without the consent or waiver."

This court has never held that jurisdiction of the subject-matter can be conferred by consent or waiver. In the recent case of *People* v. *Swift,* 172 Mich. 473 (138 N. W. 662), the respondent was convicted in the December, 1910, term. The first motion for a new trial was dated April 26, 1911, and the second September 5, 1911. The February term intervened before the first motion was made. Counsel for the respondent there said:

"Unless the failure of the prosecuting attorney to raise this point in either the circuit or the Supreme Court is a waiver of the right of the people to insist upon the time limit for making motions for a new trial, the court may feel that, under former decisions, the motion was made too late" (citing *Frazer* v. *Judge of Recorder's Court*, 112 Mich. 469, 70 N. W. 1042).

Justice STEERE, speaking for this court, said:

"In view of the facts that counsel for the prosecution have remained silent upon the subject, while counsel for the defense have so frankly called attention to it, and that both sides have fully briefed the motion, we have thought it best to treat the same as though the point was waived, although not satisfied under the case above cited that this can be done."

In *Ex parte Holmes*, 21 Neb. 324 (32 N. W. 69), the statute fixed the time within which a motion for a new trial in a criminal case might be filed to be during the term at which the verdict was rendered, and, except for newly discovered evidence, within three days after the verdict was returned, unless unavoidably prevented.

It was held that the filing of a motion for a new trial, by leave of the court, *and by the consent of the district attorney*, at a term of the court subsequent to the term at which defendant was tried and convicted, and six months after he had been imprisoned, conferred no authority upon such court to set aside the verdict and judgment and grant a new trial; and in such case, where the motion was sustained and a new trial granted, the order being void, it was held that the warden of the prison had no authority to surrender the prisoner to the sheriff, and a writ of habeas corpus was denied the prisoner. The decision of the case was placed squarely upon the ground that the court had lost jurisdiction of the case. The authority is uniform that jurisdiction of the subject-matter cannot be conferred by consent of the parties,

or by want of objection, upon a court, where, by statute, it has none. 1 Bishop's New Criminal Procedure, § 123, states the rule as follows:

"Jurisdiction comes solely from the law, in no degree from consent of litigants. So that neither consent nor anything else can authorize a court to act in a cause outside the sphere which the law has ordained for it."

Many cases are cited by the author, including *Commonwealth* v. *Adams,* 92 Ky. 134 (17 S. W. 276). See, also, 12 Cyc. p. 222, and cases cited.

This question of jurisdiction by consent of parties was discussed and decided in *Perkins* v. *Perkins,* 173 Mich. 690 (140 N. W. 161), and many cases cited.

We must therefore hold that the consent of the people to the filing of the amendment (which was in fact a new motion), and to the argument of the motion upon the merits, on November 4, 1914, did not confer any jurisdiction upon the court to grant a new trial, that the statute is mandatory, and that the order of the court was beyond its jurisdiction. It is unnecessary to discuss the other question.

It follows that the writ of mandamus must issue, vacating the order for a new trial and directing that the prisoners be returned to the Marquette prison, and remanded to the custody of the warden of that institution, to be dealt with in accordance with said sentence.