## 21769. DOBBS *v.* THE STATE.

DECIDED FEBRUARY 16, 1932.

*Will Gunn, Paul S. Etheridge,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, W. S. Howard,* contra.

LUKE, J. The accused was indicted, in nine counts, for the offense of bribery, was convicted on counts 1 and 6, and acquitted on the rest. He moved for a new trial on the general grounds and on the ground of newly discovered evidence. The exceptions here are to the judgment overruling his motion for a new trial, and to the admitting of certain evidence in support of the State's counter-showing with reference to the newly discovered evidence.

The first count charges, in brief, that while the accused was an alderman and member of the general council of the City of Atlanta, he accepted from one Lawrence Manning the sum of $100, expressly given and received to influence the official behavior of the accused in the purchase by and for that city of two street-sweeping machines at $6,681.50 each, from dealers represented by said Manning. The other count charges, in brief, that the accused received from one P. O. Hebert the sum of $500, given and received as a present and reward to influence the official behavior of the accused, while holding the same office, in procuring purchases of fire-department equipment by the City of Atlanta from certain designated companies represented by Hebert. The dates of both offenses as set out in the indictment are more than two years prior to its return into court, but each count further alleges that the offense remained unknown

until after a stated date within that two year period. The indictment was returned in the form of a special presentment by the grand jury. Other facts necessary to an understanding of the case will appear during the course of the opinion.

■ The alleged bribe-giver, Manning, testified to the fact of the bribery substantially as set out in the first count of the indictment. His testimony was denied by the accused in his statement to the jury. With reference to the evidence in support of that count, the only complaint here is that the uncorroborated testimony of such a witness is insufficient to warrant a conviction. But the law of this State is well settled that in misdemeanor cases the uncorroborated testimony of an accomplice or participant in the offense, if believed and acted upon by the jury, will support a conviction. In felony cases a different rule obtains. Penal Code (1910), § 1017; *Register* v. *State,* 12 *Ga. App.* 688, 693 (78 S. E. 142). Whether the law wisely or unwisely prescribes one rule for the trial of felonies and another for misdemeanors is a question for the legislature, and not for the courts. Besides, in this case there was some corroboration of Manning's testimony by both circumstantial and direct evidence.

■ With respect to count 6, the controlling issue arising from the evidence was whether the $500 involved was given and received as alleged in the indictment, or as a part of a bona fide loan transaction, for which Dobbs gave his promissory note to Hebert. Dobbs claimed, and Hebert testified, that a strong friendship had long existed between them, and that the advance of $500 by the latter to the former was a bona fide loan made by Hebert for the sole purpose of enabling Dobbs to satisfy a mortgage against his dwelling and thereby prevent foreclosure proceedings. The court properly instructed the jury to acquit the defendant if they should find and believe that to be the truth of the matter. But there was an abundance of other evidence from which the jury was authorized to infer, and did infer, that the apparent loan was only a colorable scheme designed to cover up the unlawful nature of the real transaction between the parties; that Hebert advanced the money, and Dobbs received it, knowing that it was not to be repaid, and that its main, if not only, purpose was to influence his official behavior in causing the city to purchase from companies represented by Hebert enormous quantities of goods. There was also evidence tending to

show that, through Dobbs' assistance and official behavior, Hebert made the contemplated sales to the city, and never sought other benefit for the promissory note taken from Dobbs at the time the money was advanced; also evidence tending to show numerous other advances of money by Hebert to Dobbs during, and only during, the latter's aldermanic career, without even the semblance of a loan transaction, for which Hebert neither received nor expected to receive any benefit other than from Dobb's official behavior. In view of all the evidence, count 6 of the indictment presented questions for determination by the jury alone and for the exercise of the trial judge's discretion. This court can not say that the verdict was without any evidence to support it. In the most notorious bribery case of recent times, the sum of one hundred thousand dollars delivered by Doheny to Fall was, according to them, "just a loan between two old friends." See Fall *v.* United States, 49 Fed. (2d) 506; Mammoth Oil Co. *v.* United States, 275 U. S. 13 (48 Sup. Ct. 1).

■ The newly discovered evidence on which the accused relied for a new trial is set forth in an affidavit of Howard C. McCutchen, and is to the effect that, at the time of the alleged offense, he was serving on the same aldermanic board with Dobbs, was first applied to by Dobbs for the loan, and was shortly afterwards told by Dobbs that he had obtained it from Hebert. The contention is that such new evidence tends to show that the offense set out in count 6, if any, was known more than two years before the indictment was returned, and is, therefore, calculated to produce a different finding on the issue of fact arising out of the statute of limitations. But it further appears from the motion for a new trial itself that the affiant, McCutcheon, was a friend of the accused, and was a resident of Atlanta at the time of the trial, and nothing is set forth to indicate that his whereabouts were then unknown to the accused or to explain the failure to offer the witness at the trial. The accused will not be heard to say that he has recently discovered his old conversation with his proposed new witness. In view of the nature of the movant's showing, a counter-showing by the State was wholly unnecessary. Consequently, any evidence heard upon such counter-showing, even if erroneously admitted over the movant's objection, affords no cause for complaint under the present record.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*