# The People ex rel. Shimer v. The Circuit Judge of Branch County.

*Mandamus: When will not lie to vacate order for new trial.* Where the affidavit, on a motion for a new trial, contains something upon which the Circuit Judge is called upon to exercise his judgment, it becomes a matter addressed to his discretion, and this court has no authority to issue a *mandamus* to direct him to rescind his action.

*Heard and decided May 13th.*

*Mandamus.*

This is an application for a mandamus to compel the Judge of Branch Circuit to vacate an order made and entered by said Circuit Court February 14, 1868, setting aside the judgment and granting a new trial in the case of *John. Shimer v. Allen Turner* and *Catharine A. Turner*, on the ground of newly discovered evidence. That case was an action to recover damages for the breach of covenants of seizin, and free from incumbrances, contained in a deed executed by the defendants to plaintiff June 2, 1866, conveying the southwest one-quarter of the southwest one-quarter of section twenty in township six n. of r. one w. in Clinton county, in this State. The breach shown was a deed from the Auditor General to Porter K. Perrin, for the taxes of 1863, dated November 24, 1865. The defendant's counsel to rebut this gave evidence tending to show that the taxes assessed on said premises for the year 1863 had been paid, and therefore said deed was void. Judgment was rendered for the plaintiff for $558.51 and costs, and afterwards a motion for a new trial was made on the grounds of newly discovered evidence and of surprise, which motion was based on the affidavit of said Allen Turner. A new trial was granted.

It was claimed in behalf of the relator that the affidavit on which the order for a new trial was based, entirely failed to make any showing of newly discovered evidence, and

therefore the order made by the Circuit Judge was entirely
without authority.

*E. G. Fuller,* for the motion.

*Per Curiam.*

We are of opinion that there was not an entire failure of
any showing, but on the contrary there was something upon
which the Circuit Judge was called upon to exercise his
judgment; and that being so, the question whether a new
trial should be granted is one addressed to his discretion,
and the Supreme Court has no authority to review his con-
clusion, and compel him by *mandamus* to rescind his order.

*Motion denied.*