## The People ex rel. The Ætna Live Stock Fire and Tornado Insurance Co., v. The Judge of the Wayne Circuit Court.

*Practice in the Circuit Court: New trials: Newly discovered evidence.* Circuit Court Rule 31, was not intended to interfere with the common law discretion of the Court to entertain motions for new trials.

Whether Rule 31 applies to motions for new trials based on newly discovered evidence; *Quære?*

*Mandamus.* A decision within the discretion of the Circuit Court will not be reviewed in this Court by *mandamus.*

*Heard April 14. Decided April 20.*

Application for *mandamus:* To compel the Judge of Circuit Court for the County of Wayne, to vacate an order granting a new trial.

During the January Term, 1870, of the Circuit Court for the County of Wayne,—on the 28th of February,—a verdict was rendered, and judgment entered thereon, in favor of the defendant in a suit brought by Jay Olmstead against The Ætna Live Stock Fire and Tornado Insurance Company. A bill of exceptions was settled and signed by the Circuit Judge on the 5th of March. A writ of error, out of this Court, was issued on the 7th of March, returnable on the 28th, and was served on the 17th. The January Term of the Circuit Court expired on the 21st of March.

On the fourth day of the succeeding March Term, a motion was made for a new trial, on the ground of newly discovered evidence. This motion came on to be heard on the 29th of March; and was opposed on the ground: —1 That leave to make it had not been obtained. 2—That it was not made within the time allowed by the rules and practice of the Court. 3—Because a bill of exceptions had been settled and signed, and a writ of error issued and served. The Circuit Court sustained the *first* ground of objection, and overruled the *second* and *third*. Whereupon a motion was made for leave to move for a new trial, which was granted and the argument, by consent, immediately proceeded. The Court granted the new trial on condition that the plaintiff should dismiss the writ of error he had sued out. This application is for a *mandamus* to compel the Circuit Judge to vacate the order granting the new trial.

*F. A. Baker*, for the motion.

*L. T. Griffin, contra.*

PER CURIAM.

A mandamus is asked for, to compel the Circuit Court of Wayne County to vacate an order granting a new trial. The first ground taken is that it is too late to make the

motion after judgment. Practically the judgment is generally entered at once upon the coming in of the verdict. But it only operates conditionally, until the time has expired for moving for a new trial, or in arrest, and it cannot therefore prevent any action to grant a new trial, unless there is some other obstacle.

Rule 31, requiring motions for new trial to be made in two days, is subject to the further provision in Rule 72, allowing the Circuit Courts to extend or shorten the time, and was not intended in any way to interfere with the common law discretion of the courts, but only to fix a time beyond which no one could move as a matter of right and without leave.

It is not clear that motions for new trial based on newly discovered evidence, would come within the rule fixing a time; for the facts may not be ascertained until afterwards. It is not desirable to compel parties to resort to courts of equity to obtain new trials where it can be avoided, and in such cases the courts of law should act on equitable principles, and do, if they can, what justice requires.

As the motion was properly before the Court below, we cannot review its decision on the facts, so as to decide whether the new trial should have been granted. It was a matter of discretion, where the action of that Court is not open to review.

*Mandamus* denied with costs.