TERRITORY ex rel. LARGEY, appellant, v. GILBERT, respondent.

STATUTORY CONSTRUCTION — *act relating to interest on county warrants — indorsement of.* Under the statute entitled "An act authorizing county commissioners to pay interest on county warrants," approved February 8, 1865, the duty of making the indorsement, "not paid for want of funds in the treasury," on the warrant, devolves on the county treasurer; and the court, by a writ of mandate, can compel him to make this indorsement at the time the party was entitled thereto.

INTEREST ON COUNTY WARRANTS — *no indorsement by treasurer.* The neglect of the county treasurer to properly indorse a county warrant that has been duly presented to him for payment, does not release the county from its

liability to pay the interest authorized by the statute, and the court will regard the indorsement as made, because it should have been made.

EQUITY — *maxim applied* — *mandamus.* An application for a writ of mandate is an equitable proceeding; and the maxim in equity that "equity looks upon that as done which ought to have been done," is applicable to this case.

STATUTORY CONSTRUCTION — "*not paid for want of funds.*" It was the intention of the legislature that the indorsement "not paid for want of funds in the treasury," should show that the county warrant had been presented for payment at a certain time, and that payment had been refused for want of funds in the treasury; it was not intended to be an arbitrary condition provided for the sole purpose of making county warrants draw interest.

STATUTORY CONSTRUCTION — *act relating to payment of county warrants* — *act repealed.* The act entitled, "An act defining the duties of county treasurers, and the payment of county warrants," approved November 19, 1867, provides for the preservation of the order in which county warrants have been presented for payment, and repeals the act entitled "An act authorizing county commissioners to pay interest on county warrants," approved February 8, 1865, which provides for a different means of preserving such order.

*Appeal from the First District, Madison County.*

JUDGMENT was rendered in this case in April, 1871, by MURPHY, J. The warrant that was the subject of the action was bought by Largey, February 16, 1869. The other facts appear in the opinion.

Section 2 of the act, approved November 19, 1867, is as follows: "It shall be the duty of the several county treasurers within the Territory, to keep a book in which they shall enter all county warrants of their proper county presented for payment, in the order in which they are presented, giving the name of the owner, the number and amount of the warrants, and they shall be paid in the order in which they are presented."

H. L. WARREN, for appellant.

The demurrer confesses the allegations of the complaint. The payment of the warrant was a ministerial act, to compel which mandamus was the proper remedy. Acts, 1865, 517, § 6; Moses on Mandamus, 99; *Crandall* v. *Amador County*, 20 Cal. 75; *Dana* v. *San Francisco*, 19 id. 486.

The statutes relating to the payment of the warrant were as follows; Act Feb. 8, 1865, 447; Act Nov. 19, 1867, 59;

Act Jan. 14, 1869, 85. These statutes are to be construed together. Smith on Stat. Law, 752.

The provision of the act of 1865, as to the indorsement of words on order, not being of the essence of the thing to be done, is directory and not mandatory. Smith on Stat. Law, 792.

The direction to indorse the words is to the respondent, and, if he fails to comply, he cannot take advantage of his own wrong, to the injury of appellant, by refusing to pay the interest for that reason. The warrant was, in both instances, presented to the treasurer for payment, and, in default of such payment, bore interest under the act of 1865. Under the act of 1865, interest ran from date of presentation and failure to pay; under the act of 1867, the warrant was payable, with the interest, in the order of registration. The two acts do not conflict, and are to be construed together.

H. N. BLAKE, district attorney, first district, for respondent.

The writ of mandate cannot issue, in this case, if respondent is not required to perform an act which the law specially enjoins as a duty resulting from his office. Civ. Prac. Act, §§ 442, 443; *People v. Romero*, 18 Cal. 91; *Crandall v. Amador County*, 20 id. 75.

Respondent's duty is defined by law. Acts 1865, 517, 518, §§ 6, 7. He cannot pay out county moneys, except when "specified provision" is made therefor by law.

The only law allowing interest on county warrants is the act of February 8, 1865, p. 447. Full force is to be given to every word thereof. The intention is clear. *San Francisco v. Hazen*, 5 Cal. 171.

The law, being in derogation of the common law, must be construed strictly. Appellant cannot recover interest without the indorsement "not paid," etc. *Raun v. Reynolds*, 11 Cal. 19; *Beals v. Supervisors*, 28 id. 453–455.

The importance of this indorsement is established by decisions in California under a similar statute. *Taylor v.*

*Brooks,* 5 Cal. 332; *McDonald* v. *Bird,* 18 id. 195; *Dana* v. *San Francisco,* 19 id. 486; *Beals* v. *Supervisors,* 28 id. 453; *Rose* v. *Estudillo,* 39 id. 273.

The transfer of the warrant from Davis to Largey gave Largey no rights not possessed by Davis. *Ferris* v. *Coover,* 11 Cal. 175.

No charge of neglect is made against the first treasurer by Largey. If he refused to indorse the warrant a writ of mandate would compel him to do so. The law presumes that all officers do their duty. *Egery* v. *Buchanan,* 5 Cal. 56.

The first treasurer indorsed the warrant under the act of November 19, 1867. Acts 1867, 59. Gilbert cannot be sued if another treasurer had neglected his duty.

KNOWLES, J. This is an action of mandamus against the respondent, Dezell Gilbert, as county treasurer of Madison county, to compel him to pay interest on a certain county warrant of said county, which it is alleged he has refused to do.

It appears from the complaint that the appellant is now the owner of county warrant of Madison county No. 1560, dated August 5, 1868, for $400. That on the 6th day of said August, the same was presented to one A. S. Potter, then treasurer of said Madison county, and not paid by him for want of funds in said county treasury. That on the day of said presentment for payment, the said Potter made an entry in a book kept by law in said treasurer's office of the name of the then owner of said warrant, the number and amount thereof, and indorsed thereon, "registered August 6, 1868, A. S. Potter, County Treasurer." It appears further, that sufficient money had come into the hands of the said Gilbert, as county treasurer, to pay said warrant and interest thereon, but that the said Gilbert had only paid the principal of said warrant, and refused the payment of any interest. The respondents filed a general demurrer to said complaint, assigning that the same did not state facts sufficient to constitute a cause of action. Re-

spondents claim that the complaint is radically defective for the reason that it does not show that on the said warrant was indorsed "not paid for want of funds in the treasury." That without such indorsement said warrant does not bear interest. The statute of this Territory authorizing the payment of interest on county warrants is as follows :

"That all county warrants heretofore drawn or that may hereafter be drawn by the proper authorities of any county, shall, after having been presented to the county treasurers of the respective counties of this Territory, and by them indorsed, 'not paid for want of funds in the treasury,' and from and after said date of presentment and indorsement shall draw interest at the rate of ten per cent per annum."

It will be seen that the duty of making this indorsement does not devolve upon the owner of a warrant when he presents the same for payment, but upon the county treasurer, to whom the same may be presented. It cannot be doubted but that it is the right of the owner of a warrant on presenting the same for payment to have indorsed thereon, "not paid for want of funds in the treasury." And we do not think there is much doubt but that from the date on which he was entitled to this indorsement he was entitled to all the rights that indorsement would give him. The owner of a county warrant upon the refusal of a county treasurer to make this indorsement would be entitled in a court of equity to a writ of mandamus to compel the said treasurer to make the same, and it would seem that such court ought to command the treasurer to make the indorsement, bearing date at the time the owner of the warrant was entitled to the same, otherwise this writ would not be a complete remedy for the wrong suffered. It always is the object of a court to give the relief to which a party is entitled at the time his cause of action accrued. The owner of a warrant would have the right to demand of a treasurer that he should make this indorsement bearing date at the time he should have made it. An owner of a warrant then being entitled to interest from the date at which he was entitled to this indorsement, the question presented is, should this defend-

ant be compelled to make payment without this indorsement, "not paid for want of funds in the treasury," when the evidence is in his possession and admitted to be true of the time when the right of the owner accrued. The respondent is a fiduciary agent of the county, the same as the former treasurer, Potter. The interest on these warrants is due from the county. As between the owner of this warrant and the county, the right of the owner is complete. He is in nowise in default, but the county through its officer. If then the right is complete against the county, can this officer refuse to perform its obligations when the same is within his power?

This is an equitable proceeding, and the maxims in equity applicable apply. It is a maxim of this jurisprudence that equity looks upon that as done which ought to have been done. Equity will thus consider where a party has a right to pray that the act be done. Story's Eq. Jur., § 64, g. In this case, then, as the appellant was undoubtedly entitled to insist upon this indorsement on his warrant, and as the same was not done through any negligence of his, but through that of another agent of the corporation of which this respondent is an agent, this court will consider this case as though this warrant had been properly indorsed, and hold that this agent must be compelled to perform this obligation of his principal. As to the objection that the county by law was to be liable for interest only from the date of this indorsement and upon the condition that it was made, we have to say that if we must in this action look upon this indorsement as having been made because it ought to have been made, the condition is complied with.

We have treated this subject thus far as though there was no doubt but that it was the duty of the county treasurers to make this indorsement. In no other statute than the one under consideration, is this duty enjoined, and in this only by implication, if at all. Certainly the title of the act which is as follows: "An act authorizing county commissioners to pay interest on court warrants," and the general scope of the act would not lead us to suppose that it intended

to define the duty of county treasurers in any particular. Probably the legislature intended to provide in some other act, that county treasurers should make this indorsement when a warrant-holder presented the same for payment. This would seem to be the most rational view of this subject. If, then, it was not the duty of the county treasurer, by law, to make this indorsement, he had no legal right to make the same, and a warrant-holder would have no right to demand it of him. Under this view, then, a right would be given to warrant-holders, upon a condition they would have no power of compelling the performance of. It is an ancient maxim that the law will not compel a person to do that he cannot perform. When an estate is granted to a person upon a condition which it is impossible to perform, the condition is void, and the estate passes without the condition. Broom's Leg. Max. 244. So with any other right which the law gives upon an impossible condition. The condition is void and the right becomes absolute. Taking this view, the right of the relator to interest is complete without the indorsement.

If it is admitted that this statute does prescribe a duty of county treasurers, then it should be construed in *pari materia*, with every other statute of the Territory upon the same subject. Section 8 of the statute upon county treasurers (see Statutes of 1865, p. 518) makes it the duty of county treasurers to pay county orders in the order in which they are presented. The only provision of law which would make it the duty of the county treasurers to make any record of the presentment for payment of county warrants, is the provision of this statute providing for the payment of interest. It may be observed, then, that one of the objects of this law was to provide a means of preserving the order of presentment of warrants for payment. There is nothing in the point that the object of this law was simply to require the presentment of county warrants to county treasurers, so that this indorsement might be made, in order that they might bear interest. The very indorsement "not paid for want of funds" required to be made, shows that the present-

ment required was for payment. The view of this statute we have now taken, if it does define duties of county treasurers, makes it consistent with a reasonable intention on the part of the legislative assembly. To say that the object thereof was not to provide for an indorsement which would show that the warrant had been presented for payment at a certain time, and payment refused for want of funds in the treasury, but simply to provide an arbitrary condition, and one that would leave no utility for any other purpose, in order that a warrant might draw interest, would be inconsistent with any reasonable intention on the part of said assembly.

The statute of 1867, defining the duties of county treasurers, provides also for this very thing of preserving the order of presentment of warrants for payment; the object of the former act. We have, then, two acts, with the same object in view, and providing different means of accomplishing it. Where this is the case, we hold that the latter takes the place of the former, and renders it unnecessary, or, in other words, repeals it.

For these reasons, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*