REYNOLDS *v.* NEWAYGO CIRCUIT JUDGE.

1. JURISDICTION—EFFECT OF REMITTITUR.
   Jurisdiction of a case brought by writ of error to the Supreme Court, and there affirmed, is restored to the trial court upon the filing of a *remittitur* from the appellate court.

2. SAME—NEW TRIAL.
   Where a case brought by writ of error to the Supreme Court, and there affirmed, is remitted without direction as to the final disposition thereof, the trial court has power, in the absence of laches, to grant a new trial, if, in its opinion, justice requires it.

*Mandamus* by Job T. Reynolds and others to compel John H. Palmer, circuit judge of Newaygo county, to vacate an order granting leave to move for a new trial. Submitted January 28, 1896. Writ denied May 26, 1896.

*George Luton* and *A. F. Tibbitts*, for relators.

*William D. Fuller*, for respondent.

LONG, C. J. On December 9, 1892, the relators brought suit in the Newaygo circuit court against Martin L. Sweet. The cause was tried in the circuit on March 21, 1894, and resulted in a judgment in favor of plaintiffs for $3,618.45. A stay of proceedings was granted for

60 days, to enable the defendant to move for a new trial or to settle a bill of exceptions. Extensions of this order were made, when, on December 27, 1894, a bill of exceptions was settled, and the cause certified to this court. On February 26, 1895, the judgment was affirmed in this court (104 Mich. 252); and on March 2d a *remittitur* was sent to the clerk of the circuit court, and there filed March 4, 1895. Execution was iss ued from the circuit court on March 25th, but not placed in the hands of an officer; and on March 29th the defendant caused the amount, together with the costs, to be paid. On December 20th, following, defe ndant, by his counsel, entered a motion in the circuit court, and gave due notice thereof, for leave to make a motion for a new trial. This motion came on to be heard, and was granted. Relators now ask a *mandamus* to compel the court below to vacate such order. The affidavits upon which the motion was based, and the return of the circuit judge, are now before us. It is contended by relators that the court below had no power to make the order, for the reason that the case had been removed to this court, and here affirmed.

It appears that the cause, after affirmance here, was remanded to the court below, and a *remittitur* duly filed in that court. That court, by reason thereof, was again possessed of the case. *Wright* v. *King*, 107 Mich. 660, and cases there cited. There are cases holding that the trial court has no further jurisdiction of the case than to carry out the mandate of the appellate court. The reason assigned in such cases is that allowing the inferior courts to disregard the adjudication of the supreme court, or to refuse or omit to carry its mandates into execution, would be repugnant to the principles of the Constitution. But in such cases it appears that some mandate had been sent to the inferior court, which it was claimed had been disregarded by the inferior court. *Fortenberry* v. *Frazier*, 5 Ark. 200 (39 Am. Dec. 373). In *Skillern's Ex'rs* v. *May's Ex'rs*, 6 Cranch, 267, it was said: "It appears that the merits of the case had been finally

decided in this court, and that its mandate required only the execution of the decree. The circuit court was bound to carry that decree into execution, although the jurisdiction of that court was not alleged in the pleadings." This case has since been followed in the federal courts. *Ex parte Dubuque & P. R. Co.*, 1 Wall. 69; *Litchfield* v. *Railroad Co.*, 7 Wall, 270; *Billings* v. *Smelting Co.*, 53 Fed. 561. Those were cases, however, in which the supreme court had passed upon the merits, and had entered decrees directing what disposition should be made in the inferior courts of the case upon the merits. The present case was an action at law, and came into this court by writ of error. The merits of the case were not in controversy here, but, finding no error of law, this court affirmed the judgment below. The cause, under our practice, was then remitted to the court below. No directions were given to that court as to the final disposition of the case. In that respect the case differs from those cited.

The granting of a new trial upon the merits rests in the sound judgment of the trial court. We are not able to say that, upon the merits, a new trial should not be granted; and, as no direction was given by this court to the court below as to the disposition of the case, we think the trial court had power to grant a new trial, in the absence of laches, if, in its opinion, justice required it. No new trial has been granted, but leave has been granted to make such application. The order made by that court we decline to interfere with.

The writ must therefore be denied.

The other Justices concurred.