ZEILMAN v. FRY.

1. APPEAL AND ERROR—AMOUNT CLAIMED IN COUNTS—DECLARATION —AMENDMENT IN SUPREME COURT.

Where, in an action of assumpsit on the common counts, the claim is first made in the Supreme Court that the judgment was erroneous because it exceeded the amount claimed, and defendant was fully advised of plaintiff's claim by the bill of particulars, and no request made to limit the amount of recovery to the amount stated in the counts, and no mention of it made in the motion for new trial or motion for rehearing of motion for new trial, this court will exercise its discretion and grant plaintiff's motion to amend the declaration as to amount claimed, and will treat the case as if said amendment had been made in the court below, under 3 Comp. Laws 1915, § 12478.

2. REFERENCE—TRIAL—DISCRETION OF COURT TO SEND CASE TO
REFEREE.

> Where, in an action on the common counts for an amount
> claimed to be due on real estate deals, for work and
> labor, and for material furnished, no jury had been de-
> manded by either party, the trial court had the power,
> in the exercise of its discretion under 3 Comp. Laws 1915,
> § 12640 *et seq.,* to send the case to a referee instead of
> trying it with a jury.

3. APPEAL AND ERROR—DISCRETION OF COURT—FAILURE TO SEND
CASE TO REFEREE.

> Where there was no request for an order referring the case
> to a referee, it will not be reversed because of failure of
> the trial court to exercise its discretion in this respect,
> since cases may not be reversed for failure of the trial
> court to exercise a discretion it was not asked to exercise
> nor upon rulings that were never made.

4. SAME—SUGGESTION OF COURT NOT A RULING.

> That defendant's counsel was discouraged from offering in
> evidence a large number of checks given by defendant by
> the suggestion of the trial judge that considerable
> time would be consumed in identifying each check, is no
> cause for reversal, since no ruling was made and no evi-
> dence offered.

5. SAME—REFUSAL TO GRANT NEW TRIAL—REASONS THEREFOR—
REVIEW.

> Assignments of error based on the refusal to grant a motion
> for a new trial will not be considered where the record does
> not show the reasons for the court's refusal upon timely re-
> quests theretofore made.

6. NEW TRIAL—DISCRETION OF COURT.

> The trial judge has a wide discretion in granting or refus-
> ing to grant new trials either upon his own motion or
> upon the motion of a party.

7. SAME—EXTENSION OF TIME—DENIAL OF MOTION—ABUSE OF DIS-
CRETION.

> Where the trial judge once extended the time under Circuit
> Court Rule No. 48 for filing a motion for a new trial, which
> motion was made and denied, the denial of a so-called

"motion for rehearing of motion for a new trial and motion for new trial," which was in fact a motion for a new trial containing the grounds found in the former motion and additional grounds, was not an abuse of discretion.

8. Same—Failure to Introduce Evidence Not Ground for New Trial—Miscarriage of Justice.

The failure of defendant's counsel to put in evidence certain checks which he then had in his possession, and which might have been of advantage to defendant, *held*, insufficient ground for a new trial, in view of the facts that they are not newly-discovered evidence, and an examination of the record is not convincing that the result is a miscarriage of justice.

9. Appeal and Error—Cases Reviewed on Record Made.

Cases in the Supreme Court must be disposed of upon the record as made and not upon *post* trial *ex parte* affidavits.

Error to Wayne; Marschner (Adolph F.), J. Submitted January 20, 1921. (Docket No. 32.) Decided March 30, 1921.

Assumpsit by John Zeilman against Vernon C. Fry for work and labor. Judgment for plaintiff. Defendant brings error. Affirmed.

*Welsh, Bebout & Kahn,* for appellant.

*Frederic T. Harward,* for appellee.

Fellows, J. Plaintiff brings this action to recover a small balance due on some real estate deals he had with defendant and for an amount claimed to be due for work and labor and a small amount of material furnished. The balance due on the real estate deal is in dispute, plaintiff claiming $194.70, defendant insisting it was but $166. The principal contentions, however, on the trial revolved around the amount and value of plaintiff's work as a carpenter and that of the men in his employ in extra work on the erection of

buildings for defendant. Plaintiff had verbally agreed with defendant to do the carpenter work on 8 houses to be erected by defendant at a stipulated price. There is no claim that this contract was not properly performed by plaintiff or that any of the work was improperly done. There were several changes made in the plans, and it is over the extras on these houses occasioned by these changes, the erection of 6 garages, and repairs on 2 other houses that the principal disagreement arises. Plaintiff claimed upon the trial that there was a balance due him of $1,844.38, while defendant insisted he had been overpaid $894.13. The conflicting claims of the parties were submitted to the jury in a charge not complained of and a verdict was rendered for plaintiff for $2,028.21, being the amount of his claim with interest.

Plaintiff's declaration is upon the common counts, the amount named in each count being $1,200; the *ad damnum* clause being in the sum of $5,000. It is first insisted as a ground of reversal that inasmuch as the judgment exceeds the amount claimed in each of the counts it should be reversed. There was no request preferred in the court below to limit the amount of the recovery to the amount stated in the counts; the bill of particulars was very ample and fully advised defendant of plaintiff's claim and its amount; in the motion for a new trial and in the so-called "motion for rehearing of motion for new trial and motion for new trial" no specific mention was made of this point, and it was not until the case reached this court that the question was raised. Under these circumstances, in the exercise of our discretion the motion of plaintiff's counsel made at the hearing in this court to amend the declaration to meet this question will be granted and the case treated as though such amendment had been made in the court below. Section 12478, 3 Comp. Laws 1915; *Borden* v. *Clark*, 26 Mich. 410; *Smith* v.

*Pinney,* 86 Mich. 484; *Enright* v. *Insurance Co.,* 91 Mich. 238; *Peacock* v. *Railway Co.,* 208 Mich. 403.

It is next urged that the case should be reversed because the court did not on its own motion send the case to a referee under the provisions of section 12640 *et seq.,* 3 Comp. Laws 1915, instead of trying it with a jury. No jury had been demanded by either party and it is quite possible as defendant's counsel suggested that it would have been a proper case to send to a referee. Undoubtedly the trial court had such power in the exercise of its discretion. *Hollands* v. *Wayne Circuit Judge,* 117 Mich. 326. But there was no request for such an order or for the exercise of such discretion. Cases may not be reversed in this court for a failure on the part of the trial court to exercise a discretion he was not asked to exercise nor upon rulings that were never made.

Error is assigned because a large number of checks given by the defendant to the plaintiff were not received in evidence. It should be a sufficient answer to this contention that these checks were not offered in evidence either singly or in a bunch. It is said by defendant's present counsel that the trial judge discouraged counsel who tried the case from introducing the checks in evidence. What the trial judge suggested, and all that he suggested, was that considerable time would be consumed by identifying and offering in evidence each separate check. He did not rule that counsel could not pursue such course if he so desired. It would seem, although the record on this point is not as clear as might be desired, that a list of all these checks was given to the jury. But the checks themselves were never offered. We cannot reverse a case upon a ruling that was not made nor determine the admissibility of testimony that was not offered.

A motion for a new trial was made within the time allowed by the trial judge. It was overruled as ap-

pears by the calendar, but the reasons therefor do not appear in the record, nor does it appear that defendant requested this filing, nor does exception appear to have been taken to such ruling. Some months thereafter and after substitution of present counsel, without leave of the court or without any extension of time, another motion called a "motion for rehearing of motion for new trial and motion for new trial" was filed. This was accompanied by affidavits, some of which were denied by counter affidavits. In this motion it is insisted that counsel who tried the case should have introduced the checks and other evidence then in his possession and that of defendant, that the verdict was against the weight of the evidence and excessive. The trial judge overruled this motion, principally on the ground that it was not seasonably filed, but he did add that the case was one for a jury and that it had been properly submitted. He found no reason for setting aside the verdict. Error is assigned upon the refusal to grant the first motion for a new trial and also to the refusal to grant the second motion. Counsel for the plaintiff insists that neither of these motions is before the court upon this record. He points out the fact that in the first motion for new trial no request was made for the filing of written reasons in case of denial of the motion, nor were any written reasons filed, nor was any exception taken to the denial of this motion. He also points to the fact that the second motion was not seasonably filed and that no exception was filed to the refusal to grant it.

This court has uniformly held that assignments of error based on the refusal to grant a motion for a new trial would not be considered where the record did not show the reasons for the court's refusal upon timely requests theretofore made. Among the numerous cases, see *Stevenson* v. *Railway Co.*, 118 Mich. 651; *Tobin* v. *Modern Woodmen*, 126 Mich. 161; *Gillett* v.

*Burns,* 131 Mich. 616; *Wilbur* v. *Railroad Co.,* 145 Mich. 344; *Bennett* v. *Denton,* 194 Mich. 610.

Circuit Court Rule No. 48 provides:

"Motions for a new trial and motions in arrest of judgment, with the reasons on which they are founded, shall be filed and a copy thereof be served on the opposite party within five days after the rendition of a verdict, in the case of a trial by jury, and within a like time after the decision of the court, when the cause has been tried by the court, or within such further time as shall be allowed therefor by the court or judge. Such motions may be brought on for hearing by either party before the court, and the decisions on such motion may be made by the judge and entered in vacation or in term. It shall be the duty of the clerk to notify the attorneys for both parties that such decision has been made, immediately thereafter."

There is no doubt the trial judge has a wide discretion in granting or refusing to grant new trials either upon his own motion or upon the motion of a party. *Manufacturers' Mut. Fire Ins. Co.* v. *Gratiot Circuit Judge,* 79 Mich. 241; *Reynolds* v. *Newaygo Circuit Judge,* 109 Mich. 403. Under this rule time in which to file the motion may be extended by him beyond the period of 5 days. In the instant case it was extended to 20 days and a motion for a new trial was filed within such extended time. In this motion no claim was made with reference to the checks. This motion was denied and no further time was granted or asked for in which to make any other or further motion for a new trial. Without such further extension, and several months after the time had expired, another motion for a new trial was made. True it was indorsed and called "motion for rehearing of motion for new trial and motion for new trial," but it was in truth and in fact a motion for a new trial containing the grounds found in the former motion and additional grounds. We are pointed to no statute or rule of prac-

tice which permits this to be done without first obtaining leave of the court so to do. The rule fixes the time within which a motion for a new trial may be filed as matter of right at 5 days. The trial judge in the exercise of his discretion could and did extend that time. Having once extended the time and having once overruled a motion for a new trial it was not an abuse of discretion to refuse to grant another motion for a new trial filed several months after the extended time had expired.

Defendant's counsel complain most bitterly that the verdict of the jury worked a miscarriage of justice in this case. Such complaints are not uncommon in this court. Counsel insist that had the checks been put in evidence a different result would have been reached. The introduction of the checks themselves might have been of advantage to defendant, but he then had them in his possession at the trial, they are not newly-discovered evidence. Had they been introduced plaintiff, of course, would have been permitted to explain upon what account they were paid or applied, whether upon the land deal or the matters here in issue, and to have fully explained them. Upon the trial it was not deemed necessary or important to introduce them. In the first motion for a new trial no mention was made of them and it was not until several months after the verdict that defendant discovered and claimed that a mistake had been made to his disadvantage in not introducing them in evidence. As we read this record each juror was given a copy of the bill of particulars of both parties and they had before them the claim of the defendant and all of it, and no material testimony offered by him was excluded by the court. Defendant has had his day in court; a careful examination of this record is not convincing that the great injustice has been done that he and his counsel seem to have persuaded themselves was inflicted upon him. Cases

in this court must be disposed of upon the record as made and not upon *post* trial *ex parte* affidavits. *People* v. *Pretswell*, 202 Mich. 1.

There is upon this record no reversible error and the judgment must be affirmed.

STEERE, C. J., and STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE and BROOKE, JJ., did not sit.