GENERAL NECESSITIES CORPORATION *v.* WAYNE
CIRCUIT JUDGE.

1. New Trial—Courts—Common Law Jurisdiction—Circuit Court Rule.

While courts of general common law jurisdiction have inherent powers to grant new trials, the time within which motions therefor can be made without leave of the court is limited by Circuit Court Rule No. 48 to five days, but further time may be allowed therefor by the court.

2. Mandamus—New Trial—Discretion of Court.

Mandamus will not lie to compel the trial court to grant a motion for a new trial after the expiration of the extension of time granted by the court, since the question is one within its discretion.

Mandamus by the General Necessities Corporation to compel Fred W. Brennan, acting circuit judge of Wayne county, to vacate an order denying a motion for a new trial. Submitted April 5, 1921. (Calendar No. 29,523.) Writ denied May 5, 1921.

*William Henry Gallagher,* for plaintiff.

*Dohany & Dohany,* for defendant.

SHARPE, J. A verdict after trial before a jury was rendered on April 19, 1919, against the plaintiff in favor of Neson Rosen for personal injuries sustained by him, due to the negligence of plaintiff. On April 22d, an order was entered giving plaintiff 20 days in which to move for a new trial and 60 days in which to settle a bill of exceptions. On April 26th, judgment was entered on the verdict. On May 2d, plaintiff ordered a copy of the transcript of the testimony from the stenographer, which was delivered on August 11th.

On September 18th, plaintiff filed its motion for a new trial, and served a copy thereof on Rosen's attorney on September 25th.   On December 1st, plaintiff's attorney wrote defendant, who resided at Flint and before whom the cause had been tried in the Wayne circuit, relative to the hearing of such motion, and was referred by him to the presiding circuit judge.   After some further correspondence, defendant went to Detroit on December 22d to hear such motion, but plaintiff's attorney was not present and claims he was not advised that such motion could then be heard.   On April 27, 1920, plaintiff's attorney again wrote the defendant, who fixed May 8th for the hearing.   When it came on to be heard on that date, the attorney for Rosen moved to strike the motion from the files for the reason that when made the time had elapsed for filing same and no leave granted therefor.   This motion was granted. Plaintiff then filed a motion to extend the time for moving for a new trial.   This was noticed for May 15th, but delayed, through no fault of plaintiff, until September 11th, when it was heard and denied.   Plaintiff now asks mandamus to compel defendant to grant such motion.

The return of the defendant, after setting up the chronological history of the proceedings had and taken relative to said motion as above set forth, concludes as follows:

"A perusal of the above, as well as an examination of the affidavit of relator's attorney, discloses that three months intervened between the 18th of September, 1919, and the middle of December, 1919, during which time no effort was made to obtain a hearing on its motion for a new trial.   It further appears from said affidavit, as well as the foregoing, that from the latter part of December, 1919, until the 27th of April, 1920, no effort was made by relator's attorney to obtain a hearing on its motion for new trial.   In view of the fact that the time in which to file a motion for new trial expired on May 12th, 1919, and the motion asking for

an extension of time in which to move for a new trial was not filed until September 23d, 1920 (this date is erroneous), I felt that in the exercise of my best judgment and discretion that defendant's motion should be denied."

The time for moving for a new trial, as extended by the court, expired on May 12, 1919. After that date, plaintiff could move only by leave of the court. While courts of general common-law jurisdiction have inherent powers to grant new trials, the time within which motions therefor can be made without leave of the court is limited by Circuit Court Rule No. 48 to five days unless further time be allowed therefor. The rule reads:

"Motions for a new trial,      *      *      *      with the reasons on which they are founded, shall be filed and a copy thereof be served on the opposite party within five days after the rendition of a verdict, in the case of a trial by jury,      *      *      *      or within such further time as shall be allowed therefor by the court or judge." *      *      *

Such limitation, however, in no way interferes with the common-law discretion of the court to hear such motion at a later day, but imposes on the plaintiff the necessity of procuring leave of the court to do so. If unable to submit the motion within the time limited therefor, the court may be asked before its expiration to extend the time therefor and after its expiration to grant permission to make such motion. In the early case of *People* v. *Wayne Circuit Judge,* 20 Mich. 220, this court said that former Circuit Court Rule No. 31, similar in effect except as to time, and former Rule No. 72, allowing the circuit courts to extend or shorten the time, were "not intended in any way to interfere with the common-law discretion of the courts, but only to fix a time beyond which no one could move as a matter of right and without leave." In *Reynolds* v. *Newaygo Circuit Judge,* 109 Mich. 403, this court refused to

vacate an order granting such leave when made after payment of a judgment, affirmed on appeal, and nearly two years after the judgment was rendered.  *Reynolds v. Sweet,* 104 Mich. 252.

Plaintiff's motion now under consideration was one "to extend the time in which to file and argue a motion for a new trial."  It is treated, however, as one appropriate for the purpose desired and we so consider it as, had the matter of its form been raised, an amendment would no doubt have been permitted.  The question then presented is whether or not there was an abuse of discretion in defendant's action in denying it. Plaintiff's counsel seeks to excuse the delay, largely by the fact that the defendant was not ever present in the Wayne circuit court to hear it.  Rosen secured his judgment in April, 1919.  It is not claimed that either he or his counsel are in any way to blame for the delay.  The trial judge, in the exercise of the discretion vested in him, denied plaintiff's motion.  We must refuse to interfere therewith.  See *Chicago, etc., R. Co. v. Genesee Circuit Judge,* 89 Mich. 549; *Hayes v. Ionia Circuit Judge,* 125 Mich. 277; *Zeilman v. Fry,* 213 Mich. 504.

The petition is dismissed, with costs to defendant.

Steere, C. J., and Moore, Wiest, Fellows, Stone, Clark, and Bird, JJ., concurred.