SHERWOOD CO-OPERATIVE CO. *v.* TACKETT'S ESTATE.

1. APPEAL AND ERROR—NEW TRIAL—GREAT WEIGHT OF EVIDENCE—QUESTIONS OPEN TO REVIEW.

Where, on the denial of a motion for a new trial, appellant did not request the trial court to file reasons for the denial, and none were filed, the question as to whether the verdict was against the great weight of the evidence is not open to review.

2. EXECUTORS AND ADMINISTRATORS—EVIDENCE—DIRECTED VERDICT.

Where, on a claim against the estate of a deceased for grain sold to a mill, the only question involved was whether the business of operating the mill was owned by deceased or another and the only testimony in the case showed that it was owned by deceased either individually or in partnership, a finding by the jury that it was owned solely by another was without evidential support, and the trial court should have directed a verdict for plaintiff, failing which, plaintiff's motion for a judgment *non obstante veredicto* should have been granted.

Error to Muskegon; Vanderwerp (John), J.     Submitted January 19, 1923.     (Docket No. 119.)     Decided March 22, 1923.

The Sherwood Co-operative Company presented a claim against the estate of Marion F. Tackett, deceased, for a balance due on an open account.     The claim was allowed by the commissioners, and defendant appealed to the circuit court.     Judgment for defendant.     Plaintiff brings error.     Reversed and remanded.

*Carpenter & Jackson,* for appellant.

*Cross, Foote & Sessions,* for appellee.

MCDONALD, J. The plaintiff appeals from a disallowance of its claim against the defendant estate. Marion F. Tackett was a resident of the city of Muskegon. At the time of his death he was the owner of a gristmill at Sherwood, Ohio. The claimant is a farmers co-operative company. The Sherwood mills were operated by one George A. Smith. The Sherwood Co-operative Company sold grain to the Sherwood mills on account. The plaintiff claims that Smith did not own the business but operated the mills for Tackett, as his agent. During the course of their dealings the plaintiff refused to extend further credit unless it secured some written memorandum from Mr. Tackett guaranteeing the account. Mr. Smith notified Tackett, who sent the following letter, which was delivered to the plaintiff:

"Muskegon, Mich., 11-8-18.
"Farmers Co-operative Co.,
    "Sherwood, Ohio.
"*Gentlemen:* I will indorse Mr. Smith's plan and any favors shown him certainly will be appreciated by me and I will stand good for the accommodation.
                    "Yours truly,
                        "M. F. TACKETT,
                            "Owner of the mill."

At the time of Tackett's death there was a balance due on this account which constitutes the claim in question. The sole question in the case as it was submitted to the jury was as to the ownership of the business.

"Was the business of operating the Sherwood mills the business of George A. Smith or was it the business of Marion F. Tackett?"

The plaintiff contends that even though it was Smith's business the estate is liable because the letter of November 8th was a continuing guaranty on the part of the decedent to pay the debt contracted by

Smith, but the court held, as a matter of law, that there was no liability on the part of the estate under the guaranty because the payments made on account subsequent to the guaranty fully paid for all the goods delivered thereafter.    At the close of the proofs the plaintiff made a motion for a directed verdict, which the court denied.    At the defendant's request the court submitted the following special question to the jury:

"*Q.* Was the business conducted by the Sherwood mills the business of George A. Smith and not the business of Marion F. Tackett?

"*A.* Yes.    It was the business of George A. Smith."

The general verdict was a verdict of no cause of action.    The plaintiff made a motion for a judgment notwithstanding the verdict which the court denied and entered a judgment on the verdict.    The plaintiff also made a motion for a new trial on the ground that it was error for the court to submit the case to the jury; that the verdict is against the great weight of the evidence; and that he should have directed a verdict, as requested, for the reason that there was no disputed question of fact for the jury to consider. He did not ask the court to file reasons for denying the motion.    None were filed.    Therefore, whether the verdict is against the great weight of the evidence is not open to the plaintiff here.    This court has held that where reasons are not requested and none filed, the verdict in relation to the weight of the evidence will not be considered.    See *Zeilman* v. *Fry,* 213 Mich. 509.

So that the only questions in the case are, ·*first,* is there any evidence that Smith was the sole owner of the business and, *second,* is there liability on the part of the defendant because of the written guaranty embodied in the letter of November 8th.

Is there any evidence tending to show that Smith was the sole owner of the business? Mr. Smith testified on the subject as follows:

"Mr. Tackett represented that he owned it. He said that he wanted to put it in operation and wanted me to run it for him. He said he would furnish all the money that was necessary to repair the mill and to furnish money to carry at least one carload of flour. After the mill was in condition to run, he was to furnish money to buy wheat to keep the mill going. I was to operate the mill for him with the understanding that I was to have my living out of the mill and one-half of the profits, until my half of the mill was paid for. That was what he said to me, in substance. After this conversation with Mr. Tackett I took possession of the mill for him, March the 10th, 1917."

Mr. Miller, vice-president of the Sherwood Savings Bank, testified that Tackett came to him and made inquiries,—

"If I knew of any competent person or could recommend any one to take charge of the mill. I recommended George A. Smith as a man in whom I had perfect confidence as to integrity and honesty and efficiency, and I gave him his address. I understood Mr. Tackett to say that he owned the mill and wanted to put some one in there to run it."

Mr. Wilder, at one time cashier of the Sherwood Savings Bank, testified that Tackett came to him and wanted to borrow $2,500 for use in the Sherwood mills, and that Tackett represented to him that he was to furnish the capital with which to run the business, and that Smith was to take care of it for a percentage of the profits.

Statements by Mr. Tackett in his letters to Smith show that Smith was not the sole owner of the business. In his letter of February 2, 1917, referring to the mill, he said:

"But I have it in such shape that I can get hold of it myself and then you will be my partner."

And in his letter of February 26th, he said:

"I have said, that I would go in with you on half interest and back you, and this is tied up so that I know what I am doing."

Again, in a letter of April 7th, he says:

"Now as to the $200, whenever you are in shape to run let me know, and I will come and we will put up the money for the business and also arrange a credit at the bank. Yes, we are both interested just the same. I have paid 6 months' rent to hold this mill and have the option on same and I hope some day you and I will own the mill. He wanted us to buy the mill at once, but as we were not in shape to do so, I paid him cash 6 months' rent at your figure and I may be able to trade him out of the mill by time we are making money."

Other letters from Mr. Tackett show that he put up money to operate the mill and urged Smith to borrow of his friends $500 or $600 and send a note to him to sign, and he would see that it was paid.

We have quoted the greater part of plaintiff's evidence on the subject of the ownership of the business. The defendant estate offered no testimony and did not cross-examine the witnesses from whose testimony we have quoted. We have searched the record in vain for any evidence that Smith owned the business. Unless there is some evidence that he was the sole owner, the verdict cannot be sustained. We find no such evidence in the record. The testimony is undisputed that it was either Tackett's sole business or that it was a partnership business. Smith's testimony and Tackett's letters clearly show that they both understood it to be the latter. In this view of the case the court's ruling as to defendant's liability on account of the guaranty becomes unimportant. On the undisputed evidence the court should have directed a verdict for the plaintiff and, failing in this, should

have granted plaintiff's motion to enter judgment notwithstanding the verdict.

The judgment is reversed.    The case will be remanded to the circuit court where a judgment will be entered for the plaintiff.    Plaintiff will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.