O'BRIEN *v.* JUDGE OF RECORDER'S COURT OF DETROIT.

TROSSEL *v.* SAME.

1. EMINENT DOMAIN—NEW TRIAL—DISCRETION OF COURT.

   In condemnation proceedings by the city of Detroit for highway purposes, a showing that a juror on his *voir dire* examination did not disclose that he was related to a

---

New trial granted by appellate court on account of excessive damages, see notes in 26 L. R. A. 391; 51 L. R. A. (N. S.) 388.

Unknown disqualification of juror existing at time of his selection as ground for new trial, see note in 51 L. R. A. (N. S.) 933.

sister-in-law of one of the property owners, together with an affidavit of one of the witnesses on the trial that the verdict was excessive, *held*, to warrant the exercise of discretion by the trial court in granting a new trial.[1]

2. MANDAMUS—NEW TRIAL—DISCRETION OF COURT.

Where, on a motion for a new trial, in condemnation proceedings by the city of Detroit for highway purposes, a showing sufficient to invoke the discretion of the trial court was made, the exercise of said discretion in granting the motion will not be interfered with by the Supreme Court, on mandamus.[2]

Mandamus by Patrick O'Brien to compel Edward J. Jeffries, judge of the recorder's court of Detroit, to set aside an order granting a new trial in condemnation proceedings by the city of Detroit. Submitted January 27, 1926. (Calendar No. 32,381.) Writ denied April 30, 1926.

Mandamus by John B. Trossel and another to compel Edward J. Jeffries, judge of the recorder's court of Detroit, to set aside an order granting a new trial in condemnation proceedings by the city of Detroit. Submitted April 27, 1926. (Calendar No. 32,409.) Writ denied April 30, 1926.

*Donnelly, Hally, Donnelly & Munro*, for plaintiff O'Brien.

*Percy W. Grose*, for plaintiffs Trossel.

*Charles P. O'Neil*, Corporation Counsel, and *James H. Lee*, Assistant Corporation Counsel, for defendant.

SHARPE, J. Proceedings pursuant to its charter were taken by the city of Detroit before the defendant to condemn certain lands owned by O'Brien and Trossel (hereafter called the plaintiffs) and others for the purpose of opening, widening, and extending what is

---

[1]New Trial, 29 Cyc. p. 765 (Anno); [2]Mandamus, 38 C. J. § 137.

known as the Vernor highway. A jury was impaneled on May 25, 1924, and made an award on December 19, 1924, finding a necessity for the improvement and fixing the compensation to be paid to the several owners. This award, as to the plaintiffs, was set aside on stipulation and a new trial granted as to the compensation to be awarded. A second jury was impaneled on March 11, 1925, and made its award on July 24, 1925, fixing the compensation to which plaintiffs were entitled at $45,843.23 and $85,100, respectively. On July 25th, the city filed a motion for a new trial. An order granting same as to both plaintiffs was made by defendant on October 8th. By separate petitions plaintiffs ask that defendant be required by mandamus to set aside this order. Orders to show cause were issued, to which defendant has made returns.

In his returns defendant insists that as a judge of the recorder's court he has the inherent power to set aside and vacate a verdict rendered in his court for any "good and sufficient cause which may come to him in his capacity as judge of said court." A consideration of the question discloses that the members of this court are not in agreement as to the answer which should be given thereto. As we are all of the opinion that the action of the defendant should be sustained, and as it is important that the cases should be speedily disposed of by us, we refrain from a discussion of this question.

The award as to both plaintiffs was in the same proceeding. It was the duty of the jury to fix the compensation fairly and equitably as to both of them. If the jury were in any way affected by matters deemed by the court to be improper in determining the value of Trossel's property, it can but be inferred that it also affected the award as to O'Brien.

It appeared that one of the jurors was a half-brother

of the wife of Trossel's brother. On his *voir dire* examination he stated that he was not a relative of Trossel. While this answer was strictly true, the defendant felt that the juror, in fairness to the parties, should have disclosed the facts.

The motion was supported by an affidavit, in which the witness deposed that the verdict was excessive. It is true that the affiant was a witness for the city on the trial and testified as to the value of the property to be taken. We are impressed that the facts presented to the defendant necessitated the exercise of a judicial discretion on his part in granting or denying the motion. His determination, based thereon, that a new trial should be granted, will not be interfered with by us on mandamus. *People v. Branch Circuit Judge,* 17 Mich. 67; *Detroit Tug & Wrecking Co. v. Wayne Circuit Judge,* 75 Mich. 360; *Reynolds v. Newaygo Circuit Judge,* 109 Mich. 403; *Fort Wayne, etc., R. Co. v. Wayne Circuit Judge,* 110 Mich. 173; *Hayes v. Ionia Circuit Judge,* 125 Mich. 277; *General Necessities Corp. v. Wayne Circuit Judge,* 214 Mich. 138; *Breisacher v. Judge of Recorder's Court,* 223 Mich. 254.

The writs are denied. Defendant will have costs.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.