TALLIS *v.* STUART.

1. MALICIOUS PROSECUTION—FALSE IMPRISONMENT—DEFENSES.
    Meritorious defense to action for malicious prosecution and false
    imprisonment *held*, disclosed by affidavits showing defendants
    had advice of their private attorney and prosecuting attorney
    before prosecuting plaintiff for embezzlement.

2. ATTORNEY AND CLIENT—ABSENCE OF CLIENT.
    Clients who retain attorney have a right to rely, not only upon
    his ability, but upon his allegiance to their cause so that where
    he knows they are out of the State and do not expect to return
    on date set for trial, he should at once get continuance or
    endeavor to secure their attendance at the trial.

3. JUDGMENT—MALICIOUS PROSECUTION—NEW TRIAL.
    Affidavits *held*, to justify order of court setting aside verdict
    and judgment and granting new trial in action for malicious
    prosecution and false imprisonment, where defendants were
    not present at trial through neglect of attorney then represent-
    ing them and affidavits disclose they had meritorious defense.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted April 3, 1934. (Calendar No. 37,724.)
Decided June 21, 1934. Rehearing denied Septem-
ber 18, 1934.

Case by A. Irving Tallis against Mary Stuart and
Alexander J. Stuart for alleged malicious prosecu-
tion and false arrest. Verdict and judgment for
plaintiff. From order setting aside verdict and
judgment and granting new trial, plaintiff appeals.
Affirmed.

*Wm. Henry Gallagher* (*S. Reymont Paul* and
*Francis Fitzgerald,* of counsel), for plaintiff.

*Wiley, Streeter, Smith & Ford,* for defendants.

NELSON SHARPE, C. J. On May 25, 1932, the plaintiff took judgment, in the absence of defendants, for $15,000 on a charge of malicious prosecution and false imprisonment. A motion, filed by the defendants on July 25th to vacate the judgment and grant a new trial, was denied on October 8, 1932. On January 16, 1934, there was a substitution of defendants' present attorneys, followed by another motion to vacate the judgment and grant a new trial. No leave to make such motion was obtained, but on the court's statement that he would grant leave there seems to have been no objection to proceeding to a hearing on the motion. After a consideration of the affidavits presented and the testimony submitted, an order was entered setting aside the verdict and judgment and granting a new trial. Leave having been granted by this court, plaintiff seeks review of this order.

The plaintiff was charged with embezzlement. The affidavit of merits discloses that the defendants submitted the facts relative thereto to an attorney, and he advised that a prosecution be had; that they accompanied him to the office of the prosecuting attorney of the county, and that one of the deputies, after a full disclosure of the facts to him, advised that the complaint be made and the warrant issued, on which plaintiff was arrested.

The civil case came on for trial before Judge Hunt of the Wayne circuit. It appears that defendants' then attorney had agreed with plaintiff's attorney that the trial should be had on May 18, 1932. The defendants were at that time traveling in the south. Fred Stuart, the defendants' son, who was living in their home in Detroit, in an affidavit made by him deposed that about the first of May, 1932, defendants' then attorney called him on the telephone, and in-

formed him that the case was to come up about the middle of May; that he told the attorney that he "did not think his father, A. J. Stuart, intended to return to the city that soon," and that the attorney then said to him "that that might be just as well as the said A. J. Stuart was quite involved legally and that from the effect of the conversation this deponent did assume that there was no need to inform his father of the conversation, and actually did not inform either parent of the conversation."

There is no denial of the statements therein on the part of the attorney. When the case was called on the 18th, defendants' then attorney sought a continuance for the reason that his clients were not in the city. It does not appear that any affidavit was filed in support thereof, and it was denied. The attorney then left the court room and the trial was proceeded with, and a verdict for $15,000 rendered, on which a judgment was thereafter entered.

On July 25, 1932, there was apparently a substitution of attorneys for the defendants, and a motion to vacate the judgment and grant a new trial was filed. It was supported by several affidavits. The defendant Alexander J. Stuart deposed that he was at the time of the trial in Atlanta, Georgia; that from the information furnished him he had assumed that the case would not come on for trial until the fall of 1932; that he first learned of the trial and verdict from reading about it in a Detroit newspaper on May 20, 1932, and that he at once wrote his attorney and telegraphed to his son to get in touch with his attorney and see that proper action was taken to protect his interest. Pearl Stuart, the wife of defendants' son, Fred, deposed that on the receipt of a telegram at their home on the evening of May 23, 1932, from her father-in-law relative to the

matter she called up the attorney for the defendants the next morning and talked with him, and that he said ''that he would do nothing in the matter whatsoever.'' Judge Hunt held the showing made insufficient, and denied the motion on October 8, 1932.

It appears that, following this denial, the plaintiff had the defendant Alexander J. Stuart arrested on a *capias ad respondendum;* that an attorney for him filed a motion to have it withdrawn, which was denied, and that a petition for a writ of *habeas corpus* to inquire into the cause of his detention was sought in the United States district court.

A careful reading of the affidavits filed in support of the motion and of those submitted when the former motion was made, which are included in the record, indicates, not only that the defendants have a meritorious defense to plaintiff's action, but that they were in no way personally to blame for their absence when the trial was had. When they retained an attorney to defend the action, they had a right to rely, not only upon his ability, but upon his allegiance to their cause. He knew that they were sojourning in the south, and his right to assent to the fixing of a date for the trial without obtaining their consent thereto might well be questioned. When he was informed by their son that they did not intend to return by the day he had agreed upon, he should at once have sought a consent to continuance from the attorney for the plaintiff, and, if it could not be obtained, have taken immediate steps to secure the attendance of the defendants at the trial.

From the foregoing it appears that if the defendants can establish the facts set forth in the affidavits of merit, they have a complete defense to the action; that their failure to be present at the trial was in no way due to negligence on their part, and that as soon

as they knew that a judgment against them had been entered they sought relief therefrom but until the present time they have been unable to obtain it.

"There is no doubt the trial judge has a wide discretion in granting or refusing to grant new trials either upon his own motion or upon the motion of a party." *Zeilman* v. *Fry,* 213 Mich. 504, 510.

In *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603 (syllabus), the court held:

"Where an appellant employs an attorney in regular standing, and does all that he is required by the advice of his attorney to do to perfect his appeal, he ought not to lose his right to an appeal through the neglect or oversight of the attorney, where justice requires a revision of the case."

See, also, cases therein cited.

On the record here presented there was no such abuse of discretion as will justify this court in setting aside the order made. The appeal is dismissed, but without costs.

POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.