JAEGER v. MITCHELL.

1. MANDAMUS—NEW TRIAL—DISCRETION OF COURT.

Mandamus will lie to compel a trial judge to vacate an order improperly made, granting a new trial, but Supreme Court will not interfere with exercise of discretion of trial judge unless there is a flagrant abuse thereof.

2. SAME—NEW TRIAL—ABUSE OF DISCRETION.

Supreme Court will intervene to correct a gross and palpable abuse of discretion in the matter of granting a new trial.

3. NEW TRIAL—ERRONEOUS INSTRUCTION—ABUSE OF DISCRETION.

Trial judge who granted new trial in malpractice case after his attention was called to instruction that jury could disbelieve all of plaintiff's testimony if it believed she testified falsely about any material fact *held*, not to have abused his discretion, where he had made no reference whatsoever to questions of intentional falseness and corroboration of the plaintiff by other credible testimony.

Appeal from Berrien; White (Charles E.), J. Submitted September 14, 1936. (Calendar No. 38,610.) Decided October 16, 1936.

Case by Katherine M. Jaeger against Carl A. Mitchell for damages for malpractice. Verdict for defendant. Defendant reviews order granting motion for new trial by appeal in the nature of mandamus. Affirmed.

*Webster Sterling* and *Stuart B. White,* for plaintiff.

*Charles W. Gore,* for defendant.

BUTZEL, J. Defendant seeks mandamus to compel the trial judge to set aside an order granting a motion for a new trial in a malpractice case in which defendant prevailed. The negligence charged consisted of defendant's neglect in diagnosing and treating an injury caused by a fall. Defendant testified that at the time the plaintiff engaged him, he advised an X-ray examination, but that plaintiff refused to submit to one because, as she informed him, she had fallen on prior occasions and that her present injury was merely a bruise. On cross-examina-

tion, plaintiff testified that she never had suffered any previous fall, nor sprained her ankle, nor been laid up on account of any prior falls. Defendant proved by plaintiff's husband that she did have such a fall in a dance hall, that she injured her hip and had been incapacitated for at least three or four weeks. If this testimony is to be believed, plaintiff's statements that she did not have such a previous fall were untrue. Defendant was inaccurate in some minor details on his examination in chief, but made corrections on cross-examination. The trial judge, in charging the jury, said:

"In considering the credibility of plaintiff's own testimony in her own behalf, you have a right to disbelieve all of her testimony, if you believe she testified falsely about any material fact."

On the motion for new trial, plaintiff's attorney called attention to the incorrectness of the statement of law contained in the above portion of the charge. The lower court concluded that inasmuch as he had singled out plaintiff in giving his charge instead of applying the maxim *"falsus in uno, falsus in omnibus,"* generally to the testimony of all witnesses, and inasmuch as he had made no reference whatsoever to the questions of intentional falseness and corroboration of the witness by other credible testimony, he had committed error and therefore granted a new trial.

Mandamus will lie to compel a trial judge to vacate an order improperly made, granting a new trial. The general rule in this regard, however, precludes us from interfering with the exercise of discretion by the trial judge unless there is a flagrant abuse thereof. In *People, ex rel. Shimer,* v. *Branch Circuit Judge,* 17 Mich. 67, it was held:

"We are of opinion * * * there was something upon which the circuit judge was called upon to exercise his judgment; and that being so, the question whether a new trial should be granted is one addressed to his discretion, and the Supreme Court has no authority to review his conclusion, and compel him by mandamus to rescind his order."

See, also, *People, ex rel. Ætna Live Stock, Fire & Tornado Ins. Co.,* v. *Wayne Circuit Judge,* 20 Mich. 220; *People, ex rel. Stork,* v. *Judge of Superior Court of Detroit,* 41 Mich. 5; *People* v. *Genesee Circuit Judge,* 227 Mich. 538; *O'Brien* v. *Judge of Recorder's Court of Detroit,* 234 Mich. 554. It is equally well settled that the Supreme Court will intervene to correct a gross and palpable abuse of discretion. *Detroit Tug & Wrecking Co.* v. *Wayne Circuit Judge,* 75 Mich. 360.

There was no abuse of discretion in granting a new trial. The trial judge considered the effect that the erroneous instruction might have had upon the jury, and he acted accordingly.

Mandamus is denied, and plaintiff will have costs.

North, C. J., and Fead, Wiest, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.