STATE EX REL. JACKSON, RELATRIX, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,824.)

(Submitted May 11, 1938. Decided May 24, 1938.)

[79 Pac. (2d) 665.]

*Mr. Philip O'Donnell,* for Relatrix, submitted a brief, and argued the cause orally.

*Mr. Harry Meyer,* for Respondents, submitted a brief, and argued the cause orally.

MR JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding in mandate. Relatrix was the defendant in an action for divorce, which was tried on July

6 and 7, 1937, by one of the judges of the district court of Silver Bow county sitting without a jury. E. J. Noonan, the duly appointed and qualified court reporter, took the testimony on the trial of the case. He died on September 8, 1937, without having transcribed his shorthand notes of the testimony offered and received on the trial. On November 13, 1937, the trial judge rendered his decree in the divorce action, awarding the plaintiff a divorce. Defendant thereafter made a timely motion for a new trial upon the ground, among others, that her right to have a bill of exceptions had been lost through the death of the official reporter. This motion was denied. By this application a writ of mandate is sought to compel the respondent court to grant the motion of relatrix for a new trial. The lower court has appeared in this proceeding by motion to quash the alternative writ heretofore issued out of this court.

Section 9397, Revised Codes, provides: "The former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party. * * * 8. That the right to have a bill of exceptions has been lost, either through the death or incapacity of the court reporter or in any manner that was not the fault of the losing party." Subdivision 8 was added to this section by amendment in 1935, Chapter 68.

Section 9396, which has been a part of our statutory laws since 1921, declares: "No new trial shall be granted in equity cases, or in cases tried by the court without a jury, except on the grounds mentioned in the first, third, and fourth subdivisions of section 9397 of this code."

If section 9396 is controlling, relatrix was without right to a new trial on this ground, since the case was tried before the court without a jury. The amendatory Act to section 9397 does not expressly amend or repeal section 9396. When section 9397 was amended, the only change in the section was the adding of subdivision 8.

No reason is suggested why the legislature did provide that the loss of the right to settle a bill of exceptions should entitle a

movant to a new trial in an action at law tried by a jury, but that no such right be accorded to a movant where an action is in equity or one at law tried before the judge without a jury.

As we have observed, the amendment to section 9397 is the later enactment. Both sections relate to the subject of new trials. In the case of *State ex rel. Wynne* v. *Quinn*, 40 Mont. 472, 107 Pac. 506, this court said: "Repeals by implication are not favored. Where two Acts of the Legislature deal with the same subject, effect must be given to both, if possible. But if their provisions are so repugnant as to be irreconcilable, or if the later Act is inconsistent in its provisions with the first, and plainly shows upon its face that it was the intention of the Legislature in enacting it that it should be the only law on the subject, the prior statute is to be treated as repealed by it. (*Territory ex rel. Largey* v. *Gilbert*, 1 Mont. 371; *Lane* v. *Commissioners of Missoula County*, 6 Mont. 473, 13 Pac. 136; *Dunn* v. *City of Great Falls*, 13 Mont. 58, 31 Pac. 1017; 1 Sutherland on Statutory Construction, sec. 138.)"

We think that it was the intention of the legislature that subdivision 8, supra—a general law—should apply to all cases where the facts come within the purview of the subdivision, and, therefore, in so far as section 9396 conflicts with subdivision 8, the former must be deemed repealed.

By the affidavits filed in support of the motion, it appears that owing to the death of the court reporter, who did not transcribe his notes, the right to a bill of exceptions has been lost; therefore, relatrix had a clear legal right to have her motion for a new trial granted.

Where the moving party is entitled to a new trial as a matter of right, the trial court has no discretion and must grant the motion as a matter of right. (*Brunnabend* v. *Tibbles*, 76 Mont. 288, 246 Pac. 536.) An order denying a motion for a new trial is not an appealable order, but review of the order may be secured on appeal from the judgment. (Sec. 9402, Rev. Codes.) Review of the order may be had by mandate

where a new trial is a matter of absolute right.   (38 C. J. 634; *Jaeger* v. *Mitchell,* 277 Mich. 464, 269 N. W. 235.)

Let a writ of mandate issue as prayed.

ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.

Rehearing denied June 6, 1938.